UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

FRANCIS J. HARVEY, JR. and JEAN P. WILHELM,

      Plaintiffs,

 -against-

320 OWNERS CORP. and CHARLES LOWERY,
in his capacity as President of 320 Owners Corp.,

      Defendants.

------------------------------------------------------------------X

Civil Action No. 07-CIV-6763 (LAP)

**NOTICE OF CROSS-MOTION FOR DISMISSAL**

  PLEASE TAKE NOTICE that, upon the annexed affidavit of Charles Lowrey, sworn to on August 27, 2007, the exhibits annexed thereto, and the accompanying Memorandum of Law, the undersigned will move this Court, at Room 1320, Courtroom 12A of the United States Courthouse, 500 Pearl Street, New York, New York on September 19, 2007 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an Order, pursuant to FRCP 12(b)(1) and 12(b)(6), dismissing Plaintiffs' Complaint, and granting the Defendants such other and further relief as this Court deems just, proper and equitable under the circumstances.

Dated: New York, New York
   August 27, 2007

          KAGAN LUBIC LEPPER
          LEWIS GOLD & COLBERT, LLP

          By: _____
            Joseph G. Colbert (JC-6240)
          Attorneys for Defendants
          200 Madison Avenue, 24th Floor
          New York, New York 10016
          (212) 252-0300

TO:

Stephen A. Somerstein, Esq.
Attorney for Plaintiffs
292 Garfield Place
Brooklyn, New York 11215

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCIS J. HARVEY, JR. and                    Civil Action No.
JEAN P. WILHELM,                              07-Civ-6763 (LAP)

                Plaintiffs,         **AFFIDAVIT IN SUPPORT
                                              OF DEFENDANTS'
                                              CROSS-MOTION TO DISMISS
       -against-                            AND IN OPPOSITION TO
                                              PLAINTIFFS' MOTION
320 OWNERS CORP. and CHARLES LOWERY,          FOR INJUNCTIVE RELIEF**
in his capacity as President of 320 Owners Corp.,

                Defendants.
------------------------------------------------------------X

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF NEW YORK  )

CHARLES LOWREY, being duly sworn, deposes and says:

      1.      I am the President of my cooperative housing corporation, Defendant 320 Owners Corp. (the "Cooperative"), and also named as a Defendant in this action. I submit this affidavit in support of Defendants' cross-motion to dismiss the Complaint and in opposition to Plaintiffs' motion for a preliminary injunction.

      2.      The Cooperative is a domestic corporation that owns the land and building located at 320 West End Avenue, New York, New York (the "Building"), and operates the Building as a residential cooperative apartment house for the benefit of its tenant-shareholders.

3.  Plaintiffs Francis J. Harvey ("Harvey") and Jean P. Wilhelm ("Wilhelm") are tenant-shareholders of the Cooperative, who occupy apartment 6-B (the "Apartment") in the Building pursuant to a proprietary lease assigned to them and assumed by them on or about April 28, 1987 (the "Lease"). *See* Exhibit "A" annexed hereto.

4.  Section 31 of the Lease provides, in relevant part:

> If upon, or at any time after, the happening of any of the events mentioned in subdivisions (a) to (j) inclusive of this Paragraph 31, the Lessor shall give to the Lessee a notice stating that the term hereof will expire on a date at least five days thereafter, the term of this lease shall expire on the date so fixed in such notice as fully and completely as if it were the date herein definitely fixed for the expiration of the term, and all right, title and interest of the Lessee hereunder shall thereupon wholly cease and expire, and the Lessee shall thereupon quit and surrender the apartment to the Lessor, it being the intention of the parties hereto to create hereby a conditional limitation, and thereupon the Lessor shall have the right to re-enter the apartment and to remove all persons and personal property therefrom, either by summary dispossess proceedings, or by any suitable action or proceeding at law or in equity, or by force or otherwise, and to repossess the apartment in its former estate as if this lease had not been made, and no liability whatsoever shall attach to the Lessor by reason of the exercise of the right of re-entry, re-possession and removal herein granted and reserved . . .
>
> (f) If at any time the Lessor shall determine, upon the affirmative vote of two-thirds of its then Board of Directors, at a meeting duly called for that purpose, that because of objectionable conduct on the part of the Lessee, or of a person dwelling or visiting in the apartment, repeated after written notice from Lessor, the tenancy of the Lessee is undesirable; (it being understood, without limiting the generality of the foregoing, that repeatedly to violate or disregard the House Rules hereto attached or hereafter established in accordance with the provisions of this Lease, or to permit or tolerate a person of dissolute, loose or immoral character to enter or remain in the building or the apartment, shall be deemed to be objectionable conduct).

Exhibit "A".

5. The Cooperative provided Defendants with written notice of objectionable conduct by letter dated September 5, 2006. The objectionable conduct continued after the written notice was issued.

6. A Special Meeting of the Board of Directors was noticed on June 5, 2007, with the meeting to be held on June 28, 2007. The meeting was adjourned at the request of Defendants, by notice dated July 5, 2007, to the adjourned date of July 10, 2007 (the "Meeting").

7. On or about July 9, 2007, Plaintiffs filed a lawsuit in the New York State Supreme Court captioned <u>Francis J. Harvey, Jr. and Jean P. Wilhelm v. 320 Owners Corp. and Charles Lorey as President of 320 Owners Corp.</u> and moved by Order to Show Cause for a temporary restraining order and a preliminary injunction to prevent the Meeting from proceeding. *See* Exhibit "B".

8. I understand that after oral argument, Honorable Richard F. Braun, J.S.C. refused to sign Plaintiffs' motion by Order to Show Cause and to grant a temporary restraining order, thereby allowing the Meeting to proceed.

9. On July 10, 2007, the Board of Directors of the Cooperative determined and resolved, at a meeting duly called to take action on such resolution, at which all board members were in attendance, upon the unanimous affirmative vote of the Board of Directors, that:

Pursuant to paragraph 31(f) of the Proprietary Lease between 320 Owners Corp., Lessor, and Francis J. Harvey, Jr. and Jean P. Wilhelm, Lessees, the tenancy of Francis J. Harvey, Jr. and Jean P. Wilhelm, Apartment 6-B, at 320 West End Avenue, New York, New York 10023 should be terminated because of objectionable conduct on the part of the Lessee, or of a person dwelling in or visiting the apartment, repeated after written notice from Lessor; the tenancy is undesirable (the "Determination").

10. Plaintiffs were properly given advance notice of the Meeting of the Cooperative's Board of Directors, given the opportunity to attend the Meeting with their counsel and to respond to the allegations of objectionable conduct. Defendants, their son and their attorney attended the Meeting and presented their responses to the allegations and their position to the Board. A transcript of the meeting is attached here as Exhibit "C".

11. Some of the alleged objectionable conduct discussed at the Meeting included:

   a) The firing of a pellet gun from the Apartment at pedestrians on West End Avenue, New York, New York on Monday, May 7, 2007;
   b) The vandalism of storage lockers in the building which were damaged and marked with swastikas in February 2004;
   c) Incidents that occurred on August 7, 2006, when a building doorman discovered derogatory writing in the front desk logbook concerning the doorman and his family and then again on August 8, 2006, when during that evening, water was poured down the freight elevator shaft onto the doorman. On Thursday, August 10, 2006, Alex Harvey approached that doorman brandishing a knife;
   d) Alex Harvey's carving the doorman's name on the front stairwell door and the service elevator panel and subsequently painting same in or about August 2006; and
   e) On August 25, 2006 Alex Harvey's involvement in setting off fireworks or incendiary devices in the basement of 320 West End Avenue.

12. Following the Meeting, by notice dated July 11, 2007, the Cooperative terminated Defendants' Lease, effective July 20, 2007, as provided in paragraph 31 of the Lease. The notice was duly served as provided by the Lease. Defendants failed to surrender and vacate the Apartment.

13. I understand that terminations of a cooperative tenant's proprietary lease based upon objectionable conduct is now known as a "Pullman" termination, after the New York State Court of Appeals' decision in 40 W. 67th St. v. Pullman. I also understand that the Court of Appeals and other trial and appellate courts have upheld Pullman lease terminations and the subsequent ejectments or evictions of the offending tenants under application of the Business Judgment Rule to the Cooperative's decision-making.

14. After the Meeting, Plaintiffs unilaterally withdrew their State Court lawsuit (*see* Exhibit "D", annexed hereto), and on or about July 26, 2007 Plaintiffs commenced this instant lawsuit.

15. This Court declined to grant Plaintiffs' application for a Temporary Restraining Order on this motion because "because "Plaintiffs have not demonstrated a probability of success on the merits or, indeed, as to the presence of jurisdiction."
.

16. On or about July 30, 2007 the Cooperative commenced an ejectment action in the Supreme Court of the State of New York, captioned 320 Owners Corp. v. Francis J. Harvey and Jean P. Wilhelm, New York County Index No. 110470/2007. *See*

Exhibit "E". The State Court action has been assigned to Justice Braun and is proceeding.

17. As discussed in detail in the accompanying Memorandum of Law, Plaintiffs' Complaint and motion are subject to dismissal and denial on several bases. I understand that the Court lacks subject matter jurisdiction over the claims set forth in the Complaint because neither the Cooperative nor I are state actors against whom Fourteenth Amendment and Section 1983 claims can be brought. I also understand that Plaintiffs' claims are not even ripe for determination because there is no New York State Court Order or Judgment regarding Plaintiffs' claims. I further understand that even if there was a State Court Order or Judgment regarding Plaintiff's claims, Plaintiffs could seek review by the United States Supreme Court, but this Court would not have jurisdiction over such issue.

18. I also understand that assuming arguendo that this Court has subject matter jurisdiction, Plaintiffs have to establish several criteria in order for injunctive relief to be granted. One of the elements is a probable likelihood of success on the merits. The Memorandum of Law addresses the reasons why Plaintiffs cannot establish that element. I understand that Plaintiffs also have to show irreparable injury and a balancing of the equities in their favor. Since there is a State Court action for ejectment which is proceeding, there is no irreparable injury to Plaintiffs without the injunctive relief. The State Court is the proper forum for the dispute between the New York parties to be decided. In the event that Plaintiffs believe that an Order or Judgment in that action

6

violates their Fourteenth Amendment or Section 1983 rights, then they are free to appeal to the State Appellate Courts and to seek certification of an appeal to the United States Supreme Court.

19. Likewise, the balancing of the equities does not lie in Plaintiffs' favor, they lie in the Cooperative owners' favor. The allegations of objectionable conduct are serious. One allegation is that there was a firing of a pellet gun from Plaintiffs' apartment. Plaintiffs' son admitted that the incident occurred, that he was in the apartment at the time and it was his pellet gun. That incident was preceded by a history of other objectionable conduct. The interests of the Cooperative owners as a whole in assuring that Plaintiffs are ejected from the Building so that incidents such as the shootings do not occur again, far outweigh Plaintiffs' property interest.

20. For the reasons set forth above and in the accompanying Memorandum of Law, it is respectfully requested that the Court grant Defendants' cross-motion to dismiss the Complaint, and deny Plaintiffs' motion for injunctive relief.

Charles Lowrey

Sworn to before me this
27 day of August, 2007

Peggy J Kudlac
Notary Public  3/6/12