leases on September 30th of said year, shall aggregate ten percent (10%) or more of the Lessor's outstanding shares, exclusive of treasury shares, then the Lessor shall, prior to April 30th in such year, give a written notice to the holders of all issued shares of the Lessor, stating the total number of shares then outstanding and in its treasury and the total number of shares owned by lessees holding proprietary leases who have given notice of intention to cancel. In such case the proprietary lessees to whom such notice shall have been given shall have the right to cancel their leases in compliance with the provisions of Paragraph 35 hereof, provided only that written notice of the intention to cancel such leases shall be given on or before July 1st instead of April 1st.

*Right of Lessees to Cancel*

(b) If lessees owning at least 80% of the then issued and outstanding shares of the Lessor shall exercise the option to cancel their leases in one year, then this and all other proprietary leases shall thereupon terminate on the September 30th of the year in which such options shall have been exercised, as though every lessee had exercised such option. In such event none of the lessees shall be required to surrender his shares to the Lessor and all certificates for shares delivered to the Lessor by those who had, during that year, served notice of intention to cancel their leases under the provisions hereof, shall be returned to such lessees.

CONTINUANCE OF COOPERATIVE MANAGEMENT OF BUILDING
AFTER ALL LEASES TERMINATED

37. No later than thirty days after the termination of all proprietary leases, whether by expiration of their terms or otherwise, a special meeting of shareholders of the Lessor shall take place to determine whether (a) to continue to operate the building as a residential apartment building, (b) to alter, demolish or rebuild the building or any part thereof, or (c) to sell the building and liquidate the assets of the Lessor, and the Directors shall carry out the determination made at said meeting of shareholders of the Lessor, and all of the holders of the then issued and outstanding shares of the Lessor shall have such rights as enure to shareholders of corporations having title to real estate.

UNSOLD SHARES

38. (a) The term "Unsold Shares" means and has exclusive reference to the shares of the Lessor which were issued to the Lessor's grantor(s) or individuals produced by the Lessor's grantor(s) pursuant to the Plan of cooperative organization of Lessor or Contract of Sale under which the Lessor acquired title to the building or to a nominee of such grantor(s) or individual(s); and all shares which are Unsold Shres retain their character as such (regardless of transfer) until (1) such shares become the property of a purchaser for bona fide occupancy (by himself or a member of his family) of the apartment to which such shares are allocated, or (2) the holder of such shares (or a member of his family) becomes a bona fide occupant of the apartment. This Paragraph 38 shall become inoperative as to this lease upon the occurrence of either of said events with respect to the Unsold Shares held by the Lessee named herein or his assignee. The term "holder of Unsold Shares" wherever used herein shall include a "purchaser of Unsold Shares", such terms being used interchangeably in this lease.

*SUBLETTING APARTMENT AND SALE OF SHARES*

(b) The subletting of the apartment or the assignment of this lease, by the Lessee who is the holder of the block of Unsold Shares allocated thereto, shall require the consents of the Directors or shareholders, as provided in Paragraphs 15 and 16, provided the same shall not be unreasonably withheld or delayed.

*CHANGE IN FORM OF LEASE*

(c) Without the consent of the Lessee, no change in form, terms or conditions of this proprietary lease, as permitted by Paragraph 6, shall (1) affect the rights of the Lessee who is the holder of the Unsold Shares accompanying this lease to sublet the apartment or to assign this lease, as provided in this paragraph, or (2) eliminate or modify any rights, privileges or obligations of such Lessee.

- 78 -

Section 4.  Resignation and Removal.
Any director may resign at any time by written notice delivered or sent by registered or certified mail, return receipt requested, to the president or secretary of the corporation.  Such resignation shall take effect at the time specified therein, and, unless specifically requested, acceptance of such resignation shall not be necessary to make it effective.

Any director may be removed from office at any time with or without cause and at the pleasure of the shareholders, upon affirmative vote of the shareholders of record taken at a shareholders' meeting duly called for the purpose.

Except for directors elected by the holders of Unsold Shares, a director who ceases to be a shareholder or whose spouse ceases to be a shareholder, as the case may be, shall be deemed to have resigned as a director.

- 78 (a) -

FORECLOSURE—RECEIVER OF RENTS

39. Notwithstanding anything contained in this lease, if any action shall be instituted to foreclose any mortgage on the land or the building or the leasehold of the land or building, the Lessee shall, on demand, pay to the receiver of the rents appointed in such action rent, if any, owing hereunder on the date of such appointment and shall pay thereafter to such receiver in advance, on the first day of each month during the pendency of such action, as rent hereunder, the rent for the apartment as last determined and established by the Directors prior to the commencement of said action, and such rent shall be paid during the period of such receivership, whether or not the Directors shall have determined and established the rent payable hereunder for any part of the period during which such receivership may continue. The provisions of this Paragraph are intended for the benefit of present and future mortgagees of the land or the building or the leasehold of the land or building and may not be modified or annulled without the prior written consent of any such mortgage holder.

TO WHOM COVENANTS APPLY

40. The references herein to the Lessor shall be deemed to include its successors and assigns, and the references herein to the Lessee or to a shareholder of the Lessor shall be deemed to include the executors, administrators, legal representatives, legatees, distributees and assigns of the Lessee or of such shareholder; and the covenants herein contained shall apply to, bind and enure to the benefit of the Lessor and its successors and assigns, and the Lessee and the executors, administrators, legal representatives, legatees, distributees, successors and assigns of the Lessee, except as hereinabove stated.

WAIVER OF TRIAL BY JURY

41. To the extent permitted by law, the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Lessee's use or occupancy of the apartment, or any claim of damage resulting from any act or omission of the parties in any way connected with this lease or the apartment.

LESSOR'S ADDITIONAL REMEDIES

42. In the event of a breach or threatened breach by Lessee of any provision hereof, the Lessee shall have the right of injunction and the right to invoke any remedy at law or in equity, as if re-entry, summary proceedings and other remedies were not herein provided for, and the election of one or more remedies shall not preclude the Lessor from any other remedy.

LESSEE MORE THAN ONE PERSON

43. If more than one person is named as Lessee hereunder, the Lessor may require the signatures of all such persons in connection with any notice to be given or action to be taken by the Lessee hereunder, including, without limiting the generality of the foregoing, the surrender or assignment of this lease, or any request for consent to assignment or subletting. Each person named as Lessee shall be jointly and severally liable for all of the Lessee's obligations hereunder. Any notice by the Lessor to any person named as Lessee shall be sufficient, and shall have the same force and effect, as though given to all persons named as Lessee.

EFFECT OF PARTIAL INVALIDITY

44. If any clause or provision herein contained shall be adjudged invalid, the same shall not affect the validity of any other clause or provision of this lease, or constitute any cause of action in favor of either party as against the other.

NOTICE TO LESSOR OF DEFAULT

45. The Lessee may not institute an action or proceeding against the Lessor or defend, or make a counterclaim in any action by the Lessor related to the Lessee's failure to pay rent, if such action, defense or counterclaim is based upon the Lessor's failure to comply with its obligations under this lease or any law, ordinance or governmental regulation unless such failure shall have continued for thirty days after the giving of written notice thereof by the Lessee to the Lessor.

UNITY OF SHARES AND LEASE

46. The shares of the Lessor held by the Lessee and allocated to the apartment have been acquired and are owned subject to the following conditions agreed upon with the Lessor and with each of the other proprietary lessees for their mutual benefit:

(a) the shares represented by each certificate are transferable only as an entirety and only in connection with a simultaneous transfer of this lease, unless transferred pursuant to Article V Section 4 of the By-Laws of the Lessor in connection with the re-grouping of space in one or more apartments.

(b) the shares shall not be sold except to the Lessor or to an assignee of this lease after compliance with all of the provisions of Paragraph 16 of this lease relating to assignments.

CHARGES FOR GAS AND ELECTRICITY

47. If at any time or times during the term of this lease the consumption of gas or electricity, or both, in the apartment is measured by a meter which also measures consumption outside the apartment, the Lessor may determine from time to time by resolution of the Board of Directors thereof, the charges, if any, to be paid by the Lessee on account of such consumption of gas or electricity, or both, and any such charges shall be payable monthly in advance or in such payments or installments as shall be required by the Directors, and at such times as shall be provided in such resolution.

NO DISCRIMINATION

48. The Lessor will not discriminate against any person because of his race, creed, religion, color, national origin or ancestry when exercising any right reserved to it in this lease.

MARGINAL HEADINGS

49. The marginal headings of the several paragraphs of this lease shall not be deemed a part of this lease.

CHANGES TO BE IN WRITING

50. The provisions of this lease cannot be changed orally.

39

IN WITNESS WHEREOF, the parties have executed this lease.

                Lessor:

                By ......................................................
                            President
                            Secretary

                Lessee:

                          ............................................ (L.S.)

                          ............................................ (L.S.)
                                      Lessee.

Witnessed:

.......................................

STATE OF NEW YORK  } ss.:
COUNTY OF

On the       day of              , in the year 19   , before me personally appeared                    , to me known, who being by me duly sworn, did depose and say that he resides at                    ; that he is the              of 320 Owners Corp., the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

STATE OF NEW YORK  } ss.:
COUNTY OF

On the       day of              , in the year 19   , before me personally appeared                    , to me personally known and known to me to be the individual   described in and who executed the foregoing instrument, and duly acknowledged to me that he   executed the same.

STATE OF NEW YORK  } ss.:
COUNTY OF

On the       day of              , 197  , before me personally came                    , the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being duly sworn, did depose and say that he resides at                    ; that he knows                    , the individual described in and who executed the foregoing instrument; that he, said subscribing witness, was present and saw         execute the same; and that he, said witness, thereupon at the same time subscribed his name as witness thereto.

..............................

83