# EXHIBIT B

                                                              At an IAS Part 2 of the Supreme Court of the State of New York County of New York held at the Courthouse located at 60 Centre Street, New York, New York on the _____ day of July 2007

Present:

    Hon._____
                           Justice

--------------------------------------------------------------X

FRANCIS J. HARVEY, JR. and
JEAN P. WILHELM,

               Plaintiffs,

-against-

320 OWNERS CORP., AND CHARLES
LOWREY AS PRESIDENT OF 320 OWNERS CORP.,

               Defendants.

--------------------------------------------------------------X

Index No.:

**ORDER TO SHOW CAUSE**

    Upon the reading and filing of the annexed affidavit of FRANCIS J. HARVEY, JR., duly sworn to the 9th day of July 2007. The exhibits annexed thereto. The affirmation of Stephen A. Somerstein, Esq., duly affirmed the 9th day of July 2007, the Annexed summons and complaint. The notice of intention to terminate tenancy and upon all the pleadings and proceedings had herein.

    Let the defendant's landlord 320 Owners Corp. and/or their counsel show cause at an I.A.S. Part _____ of this Court to be held at the Courthouse located at 60 Centre Street, Room_____, New York, New York on the _____day of July 2007 at 9:30 O'clock in the forenoon of that day or as soon thereafter as counsel can be heard, why an Order should not be made and entered herein.


EXHIBIT 9
7/10/07

(A) Staying the special meeting of the Board of Directors of 320 Owners Corp called to determine and vote whether or not to terminate the Proprietary lease of Francis J. Harvey, Jr., ad Jean P. Wilhelm pursuant to par. 31(F) based upon alleged objectionable conduct of defendants son and

(B) Temporarily, preliminary and/or permanently enjoining and restraining the defendants and all persons known and unknown acting on defendants behalf or in concert with them, in any manner or by any means from taking any action to terminate the plaintiffs lease or bring such other action or proceeding to terminate plaintiffs tenancy or otherwise interfere with plaintiffs possession of the subject premises.

(C) Awarding plaintiffs such other and further relief that as to the Court may seem just and proper including but not limited to an award of plaintiffs but not limited to an award of plaintiffs attorneys fees cost and disbursements and it is.

Ordered, that pending the hearing and determination of this Order to Show Cause let all actions on the part of the defendants their agents, servants and/or employees and any person having knowledge of this action be enjoined and restrained from taking any action or proceeding to evict the plaintiffs, to terminate plaintiffs lease and/or to commence summary proceedings or to otherwise declare a default or take any action adverse to plaintiffs rights or otherwise disturb the plaintiffs possession of the subject premises; and it is further

Ordered; that personal service of this Order to Show Cause together with the Summons and Complaint and all other papers upon which it is granted upon the defendants on or before the 10th day of July 2007 to be deemed good and sufficient service thereof; and it is further

Ordered that opposing papers, if any, be served by personal delivery upon plaintiff's counsel seven (7) days in advance of the return date of the motion.

_____
Justice of the Supreme Court

SURPEME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
FRANCIS J. HARVEY, JR. and
JEAN P. WILHELM,

                Plaintiffs,

-against-

320 OWNERS CORP., AND CHARLES
LOWREY AS PRESIDENT OF 320 OWNERS CORP.,

                Defendants.
-----------------------------------------------------------------X

Index No.:

**AFFIRMATION IN SUPPORT OF YELLOW STONE RELIEF**

STATE OF NEW YORK    )
                                  ) ss.
COUNTY OF NEW YORK  )

      Stephen A. Somerstein, an attorney at law duly admitted to practice before the Courts of the State of New York, affirms under penalty of perjury as follows:

      Your affirmant is the attorney for the plaintiffs, Francis J. Harvey, Jr., and his wife, Jean Wilhelm and I make this affirmation in support of their application for a Yellow Stone injunction to prevent the termination of their lease hold interest.

      The plaintiffs' live in a Co-operative apartment at 320 West End Avenue, apartment 6B, together with their 19 year old son, Alex.

      They purchased the apartment in 1987 and have lived there on a continuous basis for the last 20 years. They have raised their son, Alex there and he has known no other home.

Alex this year completed his first year of college in Massachusetts and will return there in September 2007. He spends the school year away from the apartment and returns on school breaks.

The Co-op corporation has called a special meeting to vote on whether plaintiff's sons conduct is objectionable triggering the termination of plaintiff leaser hold interest in this very valuable Co-operative apartment.

As a basis for convening the special meeting, which is set for July 10th, 2007 at 4:30 pm the notices alleged certain behavior that they attribute to plaintiffs son, Alex.

Many of the allegations, which are and have been attributed to Alex have in fact been denied by Alex and plaintiffs

Most of the allegations are supported by hear say and suppositions, conjecture and guess work.

In order to be in a possession to debunk the unfounded allegations, I wrote a letter to counsel for the Co-op on June 19th, 2007 a copy of which is hereto attached and marked as **(EXHIBIT "C")**.

As can be seen not only did I request the procedure that would be employed at the special meeting, but also whether I could cross-exam what evidence would be produced, what witnesses would be presented and adequate time to prepare.

Most of my requests were never responded to and adequate time was not given.

This is the plaintiff's home for over 20 years the loss of it not only cost them hundreds of thousands of dollar, but it will unlikely that they will be accepted by another Co-op.

This Yellowstone injunction and declaratory judgment action is necessary to show that the basis for calling the special meeting, is unfounded in law and fact.

It is brought to enable plaintiffs to rectify or ameliorate any condition or behavior that would or could threaten their lease hold rights.

Yellowstone injunctions afford the tenant of the opportunity to challenge the sufficiency or accuracy of the landlords notice while preserving the parties relative position; First national Stores vs. Yellowstone Shopping Center 21 NY2d 630, 290 NYS2d 721, see also Stuart vs. D & D Associates 160 AD2d 547, 554 NYS2d 197.

Since the Yellowstone injunction is designed to prevent the unjust or premature termination of a valuable lease hold interest (M.B.S. Love Unlimited Inc. vs. Jaclyn Realty Associates 215 AD2d 537, 6 26 NYS 2d 504, courts routinely g rant Yellowstone injunctions to avoid such forfeitures. See Post vs. 120 East End Ave. Corp. 62 N.Y.2d 19, Heavy Cream Inc. vs. Kurtz 146 AD 2d 672; Lew mark Cleaners Corp. vs. De Martini 128 AD2d 758.

Once a lease terminates or expires a Court is powerless to revive the agreement absent a showing of fraud, mutual mistake, or some other acceptable basis for the reformation of the parties contract (Titleser Inc. vs. Zenobio 210 AD2d 311.

There will be no undue prejudice to defendant corporation by granting the relief sought herein,

The plaintiff shall continue to pay and are up to date on their monthly maintenance payments and shall continue to pay some during any stay granted herein.

No prior application for the relief requested herein has been made. Counsel for Defendant has been notified of this application by Telephone

**WHEREFORE**, it is respectfully requested that the relief requested in the annexed order to show cause be granted.

Affirmed this 9th day of

July 2007

Stephen A. Somerstein, Esq.

SURPEME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
FRANCIS J. HARVEY, JR. and
JEAN P. WILHELM,

                Plaintiffs,

-against-

320 OWNERS CORP., AND CHARLES
LOWREY AS PRESIDENT OF 320 OWNERS CORP.,

                Defendants.
-----------------------------------------------------------------X

Index No.:

**AFFIDAVIT IN SUPPORT OF YELLOW STONE RELIEF**

STATE OF NEW YORK    )
                                ) ss.
COUNTY OF NEW YORK  )

1). Francis J. Harvey, Jr., being duly sworn deposes and says; that your deponent is the plaintiff in the above captioned proceeding and makes this affidavit in support of the instant Yellow Stone application.

2) Plaintiff and Co-plaintiff are husband and wife and we reside in a Co-operative apartment unit 6B located at 320 West End Avenue, New York, New York, which we purchased on or about April 20th, 2007, over twenty-years ago.  A copy of the proprietary lease is hereto annexed as **(EXHIBIT "A")**.

3) The premises 320 West End Avenue is owned by defendant 320 Owners Corp., a New York Corporation, whose present President is defendant, Charles Lowrey.

4) Your deponent lives at the subject Co-op with my wife, Jean P. Wilhelm and our 19 year old son, Alex, who has lived at the building for his entire life.

5) The dispute as hereinafter set forth involves our son, Alex and certain alleged behavior on his part to which the Board of Directors has taken issue.

6) There has been no allegations of any improprieties on the part of my wife or myself. I am an attorney with the law firm of Cassin, Cassin and Joseph, LLP.

7) Our son, Alex has since last September been away most of the year at the University of Massachusetts in Amherst. He is a good student and will return to college at the end of August.

8) The defendant Corporation and its Board and President have claimed that because of alleged behavior of our son, Alex that a special meeting has been called to vote on terminating my wife and my proprietary leasehold interest. Pursuant to the notice the meeting was to be held on June 28th, 2007, but has been postponed to July 10th, 2007, at 4:30 p.m.

9) See attached notice dated June 5th, 2007 together with the prior notice of September 5th, 2006 enclosed herein as **(EXHIBIT "B")**.

10) Most of the allegations contained in the September 5th, 2006 notice are in fact untrue and do not rise to a level of behavior that could or should result in the loss of our home or twenty years and countless hundreds of thousands of dollars of damages and expense.

11) We are seeking this Yellow Stone injunction and declaratory judgment action to allow the issues to be litigated and proven that most of the acts complained of were not done by our son and do not constitute adequate grounds to terminate our lease and evict us from our home.

12) The most recent notice seems to indicate that our son fired a pellet gun from the apartment on May 7th 2007. First there was no pellet gun. There was BB gun, which our son brought home from school. However, he did not shoot it nor was he involved in any shooting.

13) It is necessary that we have full recourse to the Court and discovery in order to establish facts to disprove the allegations of the Co-op and prevent their vote to terminate our lease.

14) This application is being made to this court prior to any vote having been had to terminate plaintiffs lease.

15) Plaintiffs now move this Court to toll the taking of any vote to terminate plaintiff's lease and seeks a grant of temporary and preliminary injunctive relief pendent lite.

16) A copy of the summons and complaint seeking enter alia declaratory relief is hereto attached and marked as **(EXHIBIT "C")**.

17) It is generally acknowledged that the purpose of a Yellow Stone injunction is to preserve the status quo so as to avoid a lease forfeiture or termination and to allow a determination as to whether or not their has been a substantial breach of a lease so as to allow the leaseholder an opportunity cure.

18) Plaintiff does not concede the existence of a default of the lease nor if in fact there were a technical breach that said breach would or does constitute grounds for lease termination. Plaintiffs stand ready to cure or remedy any such default.

19) Thus, it is plaintiff's position that defendants have improperly called for a vote to terminate plaintiff's lease and that there is no justification for same either in law or fact.

20) In light of the foregoing to is respectfully submitted that the procedural and legal requisites for this Court's grant of a Yellow Stone Injunction have been sufficiently met and satisfied.

21) Absent this Court's intervention plaintiffs will suffer the loss of a valuable leasehold interest, our home and substantial moneys. Nor is it likely we would ever be accepted by another Co-op Board.

22) No prior application for the relief requested herein has been made.

**WHEREFORE**, it is respectfully requested that the relief sought in the annexed Order to Show Cause be granted together with such other and further relief that as to the Court m ay seem just and proper.

Sworn to before me

This 9th day of July 2007

_____
Francis J. Harvey, Jr.

SURPEME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
FRANCIS J. HARVEY, JR. and
JEAN P. WILHELM,

                    Plaintiffs,

-against-

320 OWNERS CORP., AND CHARLES
LOWREY AS PRESIDENT OF 320
OWNERS CORP.,

                    Defendants.
-----------------------------------------------------------------X

Index No.:

**Plaintiff designates
New York County as
place of Trial**

**SUMMONS**

       To the above named Defendants

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete. If this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint herein.

Dated: New York, New York
       July 9, 2007

                                      STEPHEN A. SOMERSTEIN, ESQ.,

                                      Attorney for Plaintiff
                                      292 Garfield Place
                                      Brooklyn, New York 11215
                                      (718) 369-2273

**Defendants Address:**

320 West End Avenue
New York, New York 10024

SURPEME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X   Index No.:
FRANCIS J. HARVEY, JR. and
JEAN P. WILHELM,

      Plaintiffs,      **VERIFIED COMPLAINT**

-against-

320 OWNERS CORP., AND CHARLES
LOWREY AS PRESIDENT OF 320
OWNERS CORP.,

      Defendants.
----------------------------------------------------------------X

  Plaintiffs by their attorney, Stephen A. Somerstein, Esq., as and for their Verified Complaint respectfully complains of the defendants as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1) At all times herein mentioned plaintiffs Francis J. Harvey, Jr. and Jean P. Wilhelm were and are residents of the City State and County of New York residing at 320 West End Avenue, New York, New York.

2) Upon information and belief at all times herein mentioned defendant 320 Owners Corp., is a New York Co-operative corporation formed under and by virtue of the Laws of the State of New York with a principle office at 320 West End Avenue New York, New York.

3) That upon information and belief defendant Charles Lowrey is the President of 320 Owners Corp. and resides at 320 West End Avenue, New York, New York.

4) That upon information and belief defendant 320 Owners Corp is a

Co-operative corporation and is the owner of the premises known as 320 West End Avenue, New York, New York.

5) Upon information and belief plaintiff's herein are husband and wife and are the lessee of apartment 6B West end Avenue having entered into a proprietary lease on or about April 20th, 1987.

6) That at all times herein set forth plaintiffs are the parents of their son, Alex, who resides with them at the subject premises.

7) That upon information and belief the lease entered into with defendant corporation contains a provision 31(F) that provides that if at any time the lessor shall determine upon the affirmative vote of 2/3rd of the Board of Directors that the tenant conduct is object6ionable they may vote to terminate the lease.

8) Defendants by notice of June 5th, 2007 a copy of which is hereto annexed and made a part hereof, intend to vote as to whether plaintiff tenancy is undesirable resulting in the termination of plaintiffs lease.

9) Defendants claim that plaintiffs occupancy is undesirable based on the allegations set forth in the notice of September 5th, 2006 and June 5th, 2007 copies of which are hereto attached and made a part hereof.

10) Plaintiff dispute the allegations contained in the notices of September 5th, 2006 and June 5th, 2007 annexed hereto.

11) Plaintiff maintain that neither they nor their son, Alex have done anything that would qualify as grounds for the termination of plaintiff's lease.

12) Plaintiff asserts that there are no bona fide violations of the governing lease.

13) In the alternative should lease violations be found to exist plaintiffs stand

ready willing and able to cure any purported defaults.

14) Plaintiffs will suffer irreparable harm if the status quo is not maintained pending the determination of this action's merits.

15) The denial of a stay pendente lite would prove fatal to plaintiffs continued right of occupancy unless the hearing and vote by the Board of Directors is tolled and plaintiff is afforded and appropriate opportunity to establish its defenses and cure any defect if necessary.

16) Plaintiffs lack an adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

17) Plaintiffs repeat and re-allege each and every allegation contained in paragraph numbered 1 through 16 as I f fully set forth hereinafter at length.

18) That upon information and belief defendants wrongfully and improperly issued the notice of June 5th, 2007 and that said notice was not issued in conformity with the by-laws of the corporation.

19) That upon information and belief the basis for the alleged vote to be taken by the Board of Directors pursuant to Paragraph (31F) of the lease fails to set forth appropriate criteria for determining plaintiff's objectionable conduct.

20) Upon information and belief paragraph (31F) of the lease is vague and ambiguous unenforceable.

21) That upon information and belief paragraph (31F) of the lease improperly allows for the termination of a valuable lease hold interest when there has been no specific violation of any lease provision.

22) That upon information and belief paragraph (31F) of the lease allows lease termination without setting forth any objective criteria.

23) Upon information and belief paragraph (31F) of the lease is limited to violations of the House Rules.

24) Defendants have not alleged any violation of the House Rules or the lease agreement.

25) Therefore a judicial declaration is required so as to determine the respective parties rights and obligations.

26) Plaintiff's lack and adequate remedy at law.

### AS AND FOR A THIRD CAUSE OF ACTION

27) Plaintiffs repeat and re-alleges each and every allegation contained in paragraphs 1 through 26 as if set forth hereinafter at length.

28) Notwithstanding, the success or failure of any one or all of the aforesaid causes of action. Plaintiffs are further entitled to reimbursement from defendants for the reasonable value of plaintiff's attorney's fee, costs and disbursements incurred in this action and in enforcing plaintiff's rights under the law and Section 234 of the Real Property Law in an amount to be determined by a Court at a hearing or trial, but believed to equal or exceed the sum of Thirty Thousand dollars ($30,000.00).

**WHEREFORE,** plaintiff's demand judgment against defendants as follows:

A.    On the First Cause of Action plaintiff prays for an Order

1. Staying, and tolling the hearing called to vote on the undesirable conduct of plaintiff's and their son, Alex.

2. Temporarily preliminarily and permanently enjoining and restraining the defendants their agents, servants and employees form taking any action to terminate the plaintiffs lease and or commence any proceeding or action to evict plaintiffs or to otherwise interfere with plaintiff's possession of the subject premises.

B.    On the Second Cause of Action a judgment declaring that the defendant's notices dated September 5th, 2006 and June 5th, 2007 are invalid that they have no force and effect that paragraph (31F) of the lease is vague and ambiguous and void and that plaintiff's and their family members have not engaged in such objectionable conduct as could serve as a basis to terminate their lease.

C.    On the Third Cause of Action awarding plaintiff's the reasonable value of plaintiff's attorneys fees, cost and disbursements; and

D.    Granting plaintiff's such other and further relief as to this court seems just and proper.

Dated: New York, New York
       July 9, 2007

Yours etc.
STEPHEN A. SOMERSTEIN, ESQ.,
Attorney for Plaintiff
292 Garfield Place
Brooklyn, New York 11215
(718) 369-2273

# **VERTIFICATION**

STATE OF NEW YORK   )
                    ) ss
COUNTY OF NEW YORK  )

FRANCIS J. HARVEY, JR., being duly sworn deposes and says that your deponent is the plaintiff in the above captioned proceeding, that I have read the foregoing complaint and knows the contents thereof; that the same are true to deponents own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters deponent believes them to be true.

_____
Francis J. Harvey, Jr.

Sworn to before me

This 9th day of July 2007

_____
NOTARY PUBLIC

STEPHEN A. SOMERSTEIN
Notary Public, State of New York
No. 24-4778036
Qualified in Kings County
Commission Expires Feb. 14, 2011