# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
320 OWNERS CORP.,                                    Index No.: 110470/07

                        Plaintiff,                            **SUMMONS**

            -against-


FRANCIS J. HARVEY and JEAN P. WILHELM

                        Defendants.

-------------------------------------------------------------------X


To the above named Defendants:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       July 30, 2007

                                    KAGAN LUBIC LEPPER LEWIS
                                    GOLD & COLBERT, LLP
                                    Attorneys for Plaintiff

                                    By: _____
                                         Jack E. Lepper, Esq.
                                    200 Madison Avenue, 24th Floor
                                    New York, New York 10016
                                    (212) 252-0300

Defendants' address:
320 West End Avenue, Apt. 6 B
New York, New York 10023

**COMPLETE THIS STUB**

Endorse This INDEX NUMBER ON All Papers and advise your adversary of the number assigned. Sec. 202.5, Uniform Rules Of Trial Courts

DO NOT DETACH

Title of Action or Proceeding to be TYPED or PRINTED by applicant
SUPREME COURT, NEW YORK COUNTY

320 Owners Corp
       v.
Francis J. Harvey & Jean P. Wilhelm

**INDEX NUMBER FEE $210.00**

C7110470

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
320 OWNERS CORP.,

                    Plaintiff,                    VERIFIED COMPLAINT

      -against-

FRANCIS J. HARVEY and JEAN P. WILHELM,

                    Defendants.
------------------------------------------------------------------X

        Plaintiff 320 Owners Corp. (the "Cooperative"), by its attorneys, Kagan Lubic Lepper Lewis Gold & Colbert, LLP, as and for its Complaint alleges:

        1.     The Cooperative is a domestic cooperative apartment corporation that owns the land and building located at 320 West End Avenue, New York, New York (the "Building"), and operates the Building as a cooperative apartment house for the benefit of its tenant-shareholders.

        2.     Defendants, Francis J. Harvey ("Harvey") and Jean P. Wilhelm ("Wilhelm") are tenant-shareholders of record of the Cooperative, who occupy apartment 6-B (the "Apartment") in the Building pursuant to a proprietary lease assigned to them and assumed by them on or about April 28, 1987 (the "Lease").

        3.     Section 31 of the Lease provides, in relevant part:

> If upon, or at any time after, the happening of any of the events mentioned in subdivisions (a) to (j) inclusive of this Paragraph 31, the Lessor shall give to the Lessee a notice stating that the term hereof will expire on a date at least five days thereafter, the term of this lease shall expire on the date so fixed in such notice as fully and completely as if it were the date herein definitely fixed for the expiration of the term, and all right, title and interest of the Lessee hereunder shall thereupon wholly cease and expire, and the Lessee shall thereupon quit and surrender the apartment to the Lessor, it being the intention of the parties hereto to create hereby a conditional limitation, and thereupon the Lessor shall have

the right to re-enter the apartment and to remove all persons and personal property therefrom, either by summary dispossess proceedings, or by any suitable action or proceeding at law or in equity, or by force or otherwise, and to repossess the apartment in its former estate as if this lease had not been made, and no liability whatsoever shall attach to the Lessor by reason of the exercise of the right of re-entry, re-possession and removal herein granted and reserved . . .

(f) If at any time the Lessor shall determine, upon the affirmative vote of two-thirds of its then Board of Directors, at a meeting duly called for that purpose, that because of objectionable conduct on the part of the Lessee, or of a person dwelling or visiting in the apartment, repeated after written notice from Lessor, the tenancy of the Lessee is undesirable; (it being understood, without limiting the generality of the foregoing, that repeatedly to violate or disregard the House Rules hereto attached or hereafter established in accordance with the provisions of this Lease, or to permit or tolerate a person of dissolute, loose or immoral character to enter or remain in the building or the apartment, shall be deemed to be objectionable conduct).

4. The Cooperative provided Defendants with written notice of objectionable conduct by letter dated September 5, 2006.

5. A Special Meeting of the Board of Directors was noticed on June 5, 2007, with the meeting to be held on June 28, 2007. The meeting was adjourned at the request of Defendants, by notice dated July 5, 2007, to the adjourned date of July 10, 2007.

6. On July 10, 2007, the Board of Directors of the Cooperative did determine and resolve, at a meeting duly called to take action on such resolution, at which all board members were in attendance (the "Meeting"), upon the unanimous affirmative vote of the Board of Directors, that:

> Pursuant to paragraph 31(f) of the Proprietary Lease between 320 Owners Corp., Lessor, and Francis J. Harvey, Jr. and Jean P. Wilhelm, Lessees, the tenancy of Francis J. Harvey, Jr. and Jean P. Wilhelm, Apartment 6-B, at 320 West End Avenue, New York, New York 10023 should be terminated because of objectionable conduct on the part of the Lessee, or of a person dwelling in or visiting the apartment, repeated after written notice from Lessor; the tenancy is undesirable.

7. Defendants were given notice of the Meeting of the Cooperative's Board of Directors, given the opportunity to attend the Meeting and be heard, and to appear with counsel at the Meeting. Defendants and their attorney did appear at the Meeting and were heard.

8. Thereafter, by notice dated July 11, 2007, the Cooperative terminated Defendants' Lease, effective July 20, 2007, as provided in paragraph 31 of the Lease. The notice was duly served as provided by the Lease.

9. Defendants have failed to surrender and vacate the Apartment.

10. Defendants are holdover tenants.

11. The premises is a multiple dwelling and pursuant to the Housing Maintenance Code Article 41 there is currently effective statement on file with the Office of Code Enforcement in which the owner has designated the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for maintenance and operation of the dwelling, as follows:

| Multiple Dwelling Registration No. | Registered Managing Agent's Name | Business Address |
| --- | --- | --- |
| 105158 | Mark Hoffman | Hoffman Management 300 West 55th Street New York, NY 10019 |

12. The Cooperative is entitled to immediate possession of the Apartment.

FIRST CAUSE OF ACTION

13. The Cooperative has no adequate remedy at law.

14. The Cooperative is entitled to (i) a judgment that it is the owner in fee of the Building and (ii) a judgment of immediate possession of the Apartment, judgment to issue forthwith, execution of the judgment forthwith, directing the sheriff to remove Defendants from the Apartment and to place the Cooperative in exclusive possession of the Apartment.

## SECOND CAUSE OF ACTION

15. The Cooperative has, and will, incur legal fees in connection with this action.

16. Pursuant to paragraph 28 of the Lease, Defendants are obligated to pay to the Cooperative its attorney's fees and disbursements and all other expenses incurred by the Cooperative in connection with the Cooperative's efforts to obtain possession of the Apartment.

17. The Cooperative is entitled to a money judgment in the amount of all attorney's fees and disbursements incurred by it as a result of Defendants' breach of the Lease, in an amount to be determined by the Court.

## THIRD CAUSE OF ACTION

18. Due to Defendants' holding over, the Cooperative has been deprived of the right to re-let the Apartment at market rents.

19. The Cooperative is entitled to a money judgment for the amount of market rent that the Cooperative could have collected but for Defendants' holding over, from July 20, 2007 until such time as Defendants vacate the Apartment, in an amount to be determined, not less than the fair market rental value of the Apartment.

## FOURTH CAUSE OF ACTION

20. The Cooperative is entitled to a judgment for the amount of use and occupancy that has accrued from July 20, 2007, the date of the termination of Defendants' tenancy, through the date Defendants vacate the Apartment, in an amount to be determined by the Court.

WHEREFORE, Plaintiff is entitled to a judgment:

a. On its First Cause of Action, (i) that it is the owner in fee of the Building and (ii) a judgment of immediate possession of the Apartment, judgment to issue forthwith, execution of the judgment forthwith, directing the sheriff to remove Defendants from the Apartment and to place Plaintiff in exclusive possession of the Apartment;

b. On its Second Cause of Action, in the amount of all attorney's fees and disbursements incurred by it as a result of Defendants' various breaches of the Lease, in an amount to be determined by the Court;

c. On its Third Cause of Action, in an amount to be determined by the Court;

d. On its Fourth Cause of Action, as may accrue until Defendants vacate the Apartment in the amount to be determined by the Court;

e. And for such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       July    , 2007

                                            KAGAN LUBIC LEPPER LEWIS

GOLD & COLBERT, LLP
Attorneys for Plaintiff

By: _____
Jack E. Lepper, Esq.
200 Madison Avenue, 24th Floor
New York, New York 10016
(212) 252-0300


## VERIFICATION

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

Charles F. Lowrey, being duly sworn, deposes and says:

I am the President of 320 Owners Corp. and have read the foregoing Verified Complaint. The same is true to my own knowledge except to those matters therein stated to be alleged upon information and belief, and to those matters I believe it to be true.

The grounds of my belief as to all matters not stated upon my knowledge are as follows: information obtained from the books and records of the Corporation.

_____
Charles F. Lowrey

Sworn to before me this
26th day of July 2007

_____
Notary Public

JACK E. LEPPER
Notary Public, State of New York
No. 31-4989515
Qualified in New York County
Commission Expires December 9, 2007

6