UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANCIS J. HARVEY, JR. and                          Civil Action No. 07-Civ-6763
JEAN P. WILHELM,                                    (LAP)

                           Plaintiffs,


             -against-

320 OWNERS CORP. and CHARLES LOWERY,
In his capacity as President of 320 Owners Corp.,

                        Defendants.
------------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS


### PRELIMINARY STATEMENT


Defendants, 320 Owners Corp. (the "Cooperative") and its board president Charles Lowrey s/h/a

Charles Lowery, submit this Reply Memorandum of Law in Further Support of their Cross-Motion to Dismiss

the Complaint.

Plaintiffs are not being deprived of their due process rights in the state court action, as they would claim.

While Plaintiffs claim, in their Points and Authorities dated September 21, 2007 that they are being deprived of

"their right to be heard and defend", nothing could be further from the truth.  The Cooperative's pending

ejectment action for objectionable conduct is captioned <u>320 Owners Corp. v. Harvey and Wilhelm</u>, New York

State Supreme Court Index No. 110470/2007 (the "State Court Action").  Plaintiffs have a full and complete

opportunity to appear, be heard, and defend against that action, and if necessary, to appeal if they choose to do

so.  Plaintiffs may raise any arguments they see fit at trial or on appeal.  Plaintiffs have no basis to complain that

they are being "deprived" of their "right to be heard and defend".  Plaintiffs' portrayal of the facts as if the

Cooperative may simply bypass an ejectment or eviction proceeding and evict Plaintiffs without any right to be heard or right to appeal is just false.

The dispute between these New York parties is about their landlord/tenant relationship which is governed by well established New York State law. The "Business Judgment Rule" applies to a cooperative's decision to terminate a tenant-shareholder's proprietary lease on the basis of objectionable conduct. *See* 40 W. 67th St. v. Pullman, 100 N.Y.2d 147, 760 N.Y.S.2d 745 (2003); *see also* Levandusky v. One Fifth Ave. Apt. Corp., 75 N.Y. 2d 530, 553 N.E.2d 1317, 554 N.Y.S.2d 807 (1990); The World of Residensea II, Ltd v. Salvador Villasenor, 2007 U.S. Dist. LEXIS 23179 (SDNY 2007) (U.S.D.J., Carter) (applying Pullman in a maritime case).

Notably, Plaintiffs have now conceded that they allege no constitutional claims concerning the Cooperative's decision to terminate their tenancy. *See* footnote 2 to Plaintiffs' Points and Authorities. In any event, the Cooperative's position. as set forth herein, and in the supporting Affidavit of Charles Lowrey, sworn to August 26, 2007 ("Lowrey Aff."), is that this Court lacks jurisdiction over the subject of the matter of the Complaint. Plaintiffs also have failed to state a claim upon which relief can be granted against Defendants. In sum, Plaintiffs would have this Court change well established New York State law. A New York State court has not ever applied the state law with respect to the parties.

<u>ARGUMENT</u>

POINT I

<u>SUBJECT MATTER JURISDICTION IS LACKING</u>

**A. Plaintiffs Fail to Plead any State Action Under
the Fourteenth Amendment and 42 USC § 1983**

There is no diversity or federal question jurisdiction here. Defendants are not state actors and even if there was a State Court order or judgment upon which to base a Fourteenth Amendment or Section 1983 claim, the New York State appellate courts and the United State Supreme Court would solely have jurisdiction to review the State Court order or judgment, not a District Court. Without diversity or a federal question, subject matter jurisdiction does not lie.

The parties' dispute is the subject of a pending New York State Court lawsuit, and should be decided in that forum alone. Plaintiffs are free to appeal any decision in the State Court action to the New York State appellate courts, and ultimately may request certification to the United States Supreme Court if they choose to do so. The New York parties' landlord/tenant dispute does not belong in the Federal District Court.

Plaintiffs have the burden of establishing the Court's jurisdiction over the subject matter of this action. "Plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence." International Fidelity Ins. Co. v. City of N.Y., 263 F.Supp.2d 619, 621 (E.D.N.Y. 2003); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). For the reasons set forth herein, Plaintiffs have not and cannot establish subject matter jurisdiction over the claims in this action.

Plaintiffs' reliance on Sniadach v. Family Finance, Fuentes v. Shevin and North Georgia Fishing, Inc. v. Di-Chem, Inc. is misplaced. North Georgia Fishing, Inc., 419 U.S. 601 (1975); Fuentes, 407 U.S. 67 (1972); Snidach, 395 U.S. 337 (1969). In all three of those cases a party had obtained a garnishment of wages and assets *without notice and without an opportunity for a hearing*. These cases are not analogous in any sense to the action at bar, where Plaintiffs have the opportunity for a full trial and if necessary, appeal, before the State Courts. The New York State court will hear all defenses and argument Plaintiffs may choose to raise.

Plaintiffs allege that this action is brought pursuant to 42 USC Section 1983 and the due process and equal protection clauses of the Fourteenth Amendment. As stated, a claim brought under the Fourteenth Amendment requires "state action" or state actors for relief to be granted. *See* United States v. Morrison, 529 U.S. 598, 621 (2000). "The principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful." Id. at 529 U.S. 598, 621 (2000), (*quoting* Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).

Without state action or state actors, no cause of action lies under the Fourteenth Amendment or 42 USC Section 1983, and accordingly no federal question exists upon which to base subject matter jurisdiction. Plaintiffs, in their Points and Authorities, cite to cases such as Adickes v. S.H. Kress & Co. and Lugar v.

Edmondson Oil Co., which find state action when a private party is a "willful participant in joint activity with the State or its agents." Lugar, 457 U.S. 922 (1982); Adickes, 398 U.S. 144 (1970). The Cooperative, a private apartment corporation, in voting to terminate Plaintiffs' lease on the basis of objectionable conduct, did not participate in any activity with the State. The meeting was privately conducted pursuant to the Cooperative's By-Laws and governing documents, and the state played no role. The Cooperative's State Court ejectment action has only just begun. By simply commencing a lawsuit (which has not yet been litigated to a conclusion) the Cooperative has not become a joint participant with the State. To date, Plaintiffs have not been deprived of anything, nor has any adverse judgment been rendered.

Other cases cited by Plaintiff involved the misuse by a party of a state procedure that is otherwise lawful and constitutional. *See* Parratt v. Taylor, 451 U.S. 527 (1981); Dahlberg v. Becker, 748 F.2d 85 (2d Cir. 1984). Again, these cases are not analogous to the case at bar. At no time did the Cooperative invoke any state procedure in conducting its meeting and voting to terminate Defendants' lease for objectionable conduct. Nor is it even alleged here that the Cooperative misused any state procedure.

Though Plaintiffs claim that state action in the form of New York State law "could" deprive them of their due process and equal protection rights, Plaintiffs' Complaint and accompanying motion for injunctive relief do not set forth any cause of action against New York State or a state actor. Plaintiffs' claims are solely against a purely private apartment corporation, the Defendant Cooperative herein, and its President Charles Lowrey.

Similarly, a claim for deprivation of rights under 42 USCS Section 1983 requires state action. As outlined by the United States Supreme Court:

> To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful . . .'

American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (*quoting* Shelley, 334 U.S. at 13).

4

For a finding of state action in connection with a challenged private decision, the Supreme Court has held that "[m]ost fundamentally, . . . a government normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the government." San Francisco Arts & Athletics, Inc., 483 U.S. at 546 (citations omitted).  Thus the government's "mere approval or acquiescence" of private actions does not create a sufficient nexus to constitute state action.  Id.

In summary, Plaintiffs cannot establish the constitutional requirements for a claim under the Fourteenth Amendment or the requirements of a Section 1983 claim.  The Constitutional requirements of the Fourteenth Amendment are clearly not met here, for the Cooperative is not a state actor. See, Girard v. 94th St. & Fifth Ave. Corp., 530 F.2d 66, 69, (2d Cir. 1976). As to Plaintiffs' claims that the Cooperative seeks to deprive them of their due process and equal protection rights under color of state law, no state law has been invoked by the Cooperative.  The Cooperative, through its duly elected Board of Directors, usually decided, in accordance with the Proprietary Lease and the By-Laws of the Cooperative, to terminate the Plaintiffs' tenancy on the basis of objectionable conduct.  This decision to terminate Plaintiffs' tenancy required no invocation of state law, merely satisfaction of the requirements of the Cooperative's governing documents.

Since Plaintiffs cannot meet the state action requirements of both the Fourteenth Amendment and 42 USC Section 1983 there is no federal question, the Court does not have subject matter jurisdiction over this action and thus, the Complaint must be dismissed and Plaintiffs' motion denied.

### B.    Plaintiffs' Allegations are Not Ripe for Determination by this Court

Plaintiffs' claims are not ripe for federal court determination for the simple reason that Plaintiffs allege violations of due process and equal protection that have not yet occurred.

Plaintiffs claim that it is inevitable that the State Court will apply the law against them in an unconstitutional manner because of the Court of Appeals' decision in 40 W 67th Street v. Pullman, 100 N.Y.2d 147 (2003).  Plaintiff go so far as to state that the State Court "will inevitably proceed in an unconstitutional manner", and even refer to the New York State Supreme Court as "unconstitutional machinery".  Points and Authorities, p. 4.  However, in order to avoid premature adjudication, the Doctrine of Ripeness, which has as its

basis Article III of the United States Constitution, "prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur." Dougherty v. Town of N. Hempstead Bd. of Zoning, 282 F.3d 83, 90 (2d Cir. 2002). A similar refusal to consider questions that depend on the future course of a particular litigation may be framed by finding that hypothetical or abstract disputes are not "ripe". Wright, Miller & Cooper, Federal Practice and Procedure, Ripeness-Sources of the Doctrine, 13A Fed. Prac. & Proc. Juris.2d § 3532.1.

Plaintiffs admit that the federal court cannot entertain a claim that is based on contingent future events that may or may not occur as anticipated, or indeed may not occur at all. Thomas v. City of New York, 143 F.3d 31 (2d Cir. 1998); Hormel Food Corp. v. Jim Henson Productions, 73 F.3d 497 (2d Cir. 1996); Thomas H. Lee Equity Fund, L.P. v. Bennett, ___ F. Supp.2d ___ (SDNY 3-27-2007, 05 Civ. 9608 (GEL)). Plaintiffs entire action is based on an assumption about how the State Court will conduct its proceedings, and what result will be reached. To date, no adverse action has been taken against Plaintiffs by the State Court, and Plaintiffs remain in possession of their cooperative apartment.

The pending State Court action will allow Plaintiffs to litigate the termination of their tenancy in a constitutional forum, as they are entitled. Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568 (1985).

Plaintiffs would argue that the Cooperative seeks to deprive the Plaintiffs of their due process and equal protection rights under color of state law. But since no state judgment or decision has been rendered, no deprivation has occurred, nor—obviously because there has been not decision or judgment—have Plaintiffs exhausted their remedies or appeals before the state courts. Plaintiffs' instant causes of action are based purely upon hypothetical state action, and are thus not ripe for determination. Notably, even after the claims are ripe, they would be ripe for United States Supreme Court possible review, not review by this District Court (see infra regarding the Rooker-Feldman doctrine).

The Supreme Court in Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 87 L. Ed. 2d 126, 105 S. Ct. 3108 (1985), set forth a test to determine ripeness. While Plaintiffs' causes of action are not directly analogous to the takings clause claim in Williamson, the Second Circuit and the

Southern District have held that "the same ripeness test applies to due process and equal protection claims." Goldfine v. Kelly, 80 F. Supp. 2d 153, 158 (S.D.N.Y. 2000); *see also* Reifler v. City of Poughkeepsie, 1997 U.S. App. LEXIS 17486 (2d Cir. 1997); Kittay v. Giuliani, 112 F. Supp. 2d 342, 349 n.5 (S.D.N.Y. 2000), *aff'd*, 252 F.3d 645 (2d Cir. 2001); Southview Assocs., Ltd. v. Bongartz, 980 F.2d 84, 96-98 (2d Cir. 1992).

One aspect of the ripeness test requires that the challenged government entity has reached a "final decision." Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 87 L. Ed. 2d 126, 105 S. Ct. 3108 at 194. The court "cannot determine whether a plaintiff has been deprived of property, arbitrary or otherwise, until it has a final decision before it". Honess 52 Corp. v. Town of Fishkill, 1 F. Supp. 2d 294, 301 (S.D.N.Y. 1998). Since the State Case has only just begun, clearly no "final decision" has been rendered by the Courts of New York and thus the instant case is not ripe for adjudication.

## C. The *Rooker-Feldman* Doctrine Bars Plaintiffs' Action

In this action Plaintiffs seek to challenge the judgments of the New York State courts in Pullman and its progeny, all cases which have applied the Business Judgment Rule to Cooperative decision-making in terminating leases on the basis of objectionable conduct. Plaintiffs also seek to challenge the New York State Supreme Court's decision not to sign their proposed motion by Order to Show Cause or grant a temporary restraining order. Plaintiffs improperly look to this Court to reverse both the Pullman decision and related caselaw and the State Court's denial of temporary and preliminary relief.

Plaintiffs now argue that they are not asking the Court to reverse or interpret Pullman, but in the same breath state that jurisdiction lies because the Pullman Court's application of RPAPL 711(1) violates the Constitution. 40 W. 67th Street v. Pullman, 100 N.Y.2d 147 (2003). Plaintiffs do not have standing to challenge the Pullman decision under the Rooker-Feldman doctrine, and Plaintiffs' own claims fail for lack of ripeness, as a result of not yet having been litigated in the appropriate forum, the State Court.

This action, including Plaintiffs' instant motion, is subject to dismissal on the basis of application of the *Rooker-Feldman* doctrine. District of Columbia Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 44 S.Ct. 149 (1923).

"The so-called *Rooker-Feldman* doctrine, generally stated, is that inferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court." Moccio v. New York State Office of Court Administration, 95 F.3d 195, 197 (2d Cir. 1996).

"A district court may not consider claims that were actually litigated in state court, nor may a district court entertain claims that are 'inextricably intertwined' with a state court judgment." International Fidelity Inc. Co., 263 F.Supp.2d at 622 (*citing* Moccio, 95 F.3d at 198); *see also* Johnson v. The Smithsonian Inst., 189 F.3d 180, 185 (2d Cir. 1999).

In the Second Circuit it has been held that "'inextricably intertwined' means at a minimum, that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding . . . subsequent litigation of the claim will be barred under the *Rooker-Feldman* doctrine if it would be barred under the principles of preclusion." Moccio, at 200; *see also* Johnson, 189 F.3d at 186. Thus, "if the precise claims raised in a state court proceeding are raised in the subsequent federal proceeding, *Rooker-Feldman* plainly will bar the action." Moccio, at 198-99.

Thus, "a federal court would lack jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action is unconstitutional." Hachamovitch v. DeBuono, 159 F.3d 687, 694 (2d Cir. 1998).

It has consistently been held that *Rooker-Feldman* "does not authorize district courts to exercise appellate jurisdiction over state-court judgments." Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 544 U.S.280, 292, 125 S.Ct. 1517, 1526 (2005). That is exactly what Plaintiffs would have this Court do - reverse Pullman and related caselaw. Plaintiffs, having their request for a temporary restraining order denied by the New York State Supreme Court, unilaterally discontinued that action, and commenced the instant action. Plaintiffs are forum-shopping and also seeking this Court's reversal of the State Court's decision not to grant Plaintiffs injunctive relief. The *Rooker-Feldman* doctrine applies when a party seeks to take an appeal of an unfavorable state-court decision to a lower federal court. Lance v.

Dennis, 546 U.S. 459 (2006).  That is precisely what Plaintiffs are doing here, and thus this Court does not have subject matter jurisdiction, the Complaint must be dismissed, and Plaintiffs' motion denied.

## CONCLUSION

In view of the foregoing, Defendants' cross-motion should be granted, dismissing Plaintiffs' Complaint in its entirety, as it is wanting in jurisdiction and fails to state a claim upon which relief can be granted.

Dated:  New York, New York
       October 17, 2007

                     KAGAN LUBIC LEPPER
                     LEWIS GOLD & COLBERT, LLP

                     By: _____
                         Joseph G. Colbert (JC-6240)
                     Attorneys for Defendants
                     200 Madison Avenue
                     24th Floor
                     New York, New York 10016
                     (212) 252-0300

On the brief:

Denise M. Campbell
Christopher R. Travis

9