Section 4.  Resignation and Removal. Any director may resign at any time by written notice delivered or sent by registered or certified mail, return receipt requested, to the president or secretary of the corporation. Such resignation shall take effect at the time specified therein, and, unless specifically requested, acceptance of such resignation shall not be necessary to make it effective.

Any director may be removed from office at any time with or without cause and at the pleasure of the shareholders, upon affirmative vote of the shareholders of record taken at a shareholders' meeting duly called for the purpose.

Except for directors elected by the holders of Unsold Shares, a director who ceases to be a shareholder or whose spouse ceases to be a shareholder, as the case may be, shall be deemed to have resigned as a director.

- 78 (a) -

FORECLOSURE—RECEIVER OF RENTS

39. Notwithstanding anything contained in this lease, if any action shall be instituted to foreclose any mortgage on the land or the building or the leasehold of the land or building, the Lessee shall, on demand, pay to the receiver of the rents appointed in such action rent, if any, owing hereunder on the date of such appointment and shall pay thereafter to such receiver in advance, on the first day of each month during the pendency of such action, as rent hereunder, the rent for the apartment as last determined and established by the Directors prior to the commencement of said action, and such rent shall be paid during the period of such receivership, whether or not the Directors shall have determined and established the rent payable hereunder for any part of the period during which such receivership may continue. The provisions of this Paragraph are intended for the benefit of present and future mortgagees of the land or the building or the leasehold of the land or building and may not be modified or annulled without the prior written consent of any such mortgage holder.

TO WHOM COVENANTS APPLY

40. The references herein to the Lessor shall be deemed to include its successors and assigns, and the references herein to the Lessee or to a shareholder of the Lessor shall be deemed to include the executors, administrators, legal representatives, legatees, distributees and assigns of the Lessee or of such shareholder; and the covenants herein contained shall apply to, bind and enure to the benefit of the Lessor and its successors and assigns, and the Lessee and the executors, administrators, legal representatives, legatees, distributees, successors and assigns of the Lessee, except as hereinabove stated.

WAIVER OF TRIAL BY JURY

41. To the extent permitted by law, the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Lessee's use or occupancy of the apartment, or any claim of damage resulting from any act or omission of the parties in any way connected with this lease or the apartment.

Lessor's Additional Remedies

42. In the event of a breach or threatened breach by Lessee of any provision hereof, the Lessee shall have the right of injunction and the right to invoke any remedy at law or in equity, as if re-entry, summary proceedings and other remedies were not herein provided for, and the election of one or more remedies shall not preclude the Lessor from any other remedy.

Lessee More Than One Person

43. If more than one person is named as Lessee hereunder, the Lessor may require the signatures of all such persons in connection with any notice to be given or action to be taken by the Lessee hereunder, including, without limiting the generality of the foregoing, the surrender or assignment of this lease, or any request for consent to assignment or subletting. Each person named as Lessee shall be jointly and severally liable for all of the Lessee's obligations hereunder. Any notice by the Lessor to any person named as Lessee shall be sufficient, and shall have the same force and effect, as though given to all persons named as Lessee.

Effect of Partial Invalidity

44. If any clause or provision herein contained shall be adjudged invalid, the same shall not affect the validity of any other clause or provision of this lease, or constitute any cause of action in favor of either party as against the other.

Notice to Lessor of Default

45. The Lessee may not institute an action or proceeding against the Lessor or defend, or make a counterclaim in any action by the Lessor related to the Lessee's failure to pay rent, if such action, defense or counterclaim is based upon the Lessor's failure to comply with its obligations under this lease or any law, ordinance or governmental regulation unless such failure shall have continued for thirty days after the giving of written notice thereof by the Lessee to the Lessor.

38

UNITY OF SHARES AND LEASE

46. The shares of the Lessor held by the Lessee and allocated to the apartment have been acquired and are owned subject to the following conditions agreed upon with the Lessor and with each of the other proprietary lessees for their mutual benefit:

(a) the shares represented by each certificate are transferable only as an entirety and only in connection with a simultaneous transfer of this lease, unless transferred pursuant to Article V Section 4 of the By-Laws of the Lessor in connection with the re-grouping of space in one or more apartments.

(b) the shares shall not be sold except to the Lessor or to an assignee of this lease after compliance with all of the provisions of Paragraph 16 of this lease relating to assignments.

CHARGES FOR GAS AND ELECTRICITY

47. If at any time or times during the term of this lease the consumption of gas or electricity, or both, in the apartment is measured by a meter which also measures consumption outside the apartment, the Lessor may determine from time to time by resolution of the Board of Directors thereof, the charges, if any, to be paid by the Lessee on account of such consumption of gas or electricity, or both, and any such charges shall be payable monthly in advance or in such payments or installments as shall be required by the Directors, and at such times as shall be provided in such resolution.

NO DISCRIMINATION

48. The Lessor will not discriminate against any person because of his race, creed, religion, color, national origin or ancestry when exercising any right reserved to it in this lease.

MARGINAL HEADINGS

49. The marginal headings of the several paragraphs of this lease shall not be deemed a part of this lease.

CHANGES TO BE IN WRITING

50. The provisions of this lease cannot be changed orally.

In Witness Whereof, the parties have executed this lease.

        Lessor:

        By ............................................................
                    President
                    Secretary
        Lessee:

        ............................................ (L.S.)

        ............................................ (L.S.)
                            Lessee.

Witnessed:

..........................................

STATE OF NEW YORK  } ss.:
COUNTY OF

   On the      day of            , in the year 19  , before me
personally appeared                  , to me known, who being
by me duly sworn, did depose and say that he resides at
                    ; that he is the              of
  320   Owners Corp.,  the corporation described in and
which executed the foregoing instrument; that he knows
the seal of said corporation; that the seal affixed to
said instrument is such corporate seal; that it was so
affixed by order of the Board of Directors of said
corporation, and that he signed his name thereto by
like order.


STATE OF NEW YORK  } ss.:
COUNTY OF

   On the      day of            , in the year 19  , before me
personally appeared                    , to me personally
known and known to me to be the individual  described in and who
executed the foregoing instrument, and duly acknowledged to me that
   he  executed the same.



STATE OF NEW YORK  } ss.:
COUNTY OF

   On the      day of            , 197  , before me personally
came                  , the subscribing witness to
the foregoing instrument, with whom I am personally acquainted, who,
being duly sworn, did depose and say that he resides at
                    ; that he knows                    ,
the individual described in and who executed the foregoing instrument;
that he, said subscribing witness, was present and saw
          execute the same; and that he, said witness, thereupon at the same time
subscribed his name as witness thereto.


                                        . . . . . . . . . . . . . . . . . . . . . . . . . . . .

83

(1) The public halls and stairways of the building shall not be obstructed or used for any purpose other than ingress to and egress from the apartments in the building, and the fire towers shall not be obstructed in any way.

(2) No patient of any doctor who has offices in the building shall be permitted to wait in the lobby.

(3) Children shall not play in the public halls, courts, stairways, fire towers or elevators and shall not be permitted on the roof unless accompanied by a responsible adult.

(4) No public hall above the ground floor of the building shall be decorated or furnished by any Lessee in any manner without the prior consent of all of the Lessees to whose apartments such hall serves as a means of ingress and egress; in the event of disagreement among such Lessees, the Board of Directors shall decide.

(5) No Lessee shall make or permit any disturbing noises in the building or do or permit anything to be done therein which will interfere with the rights, comfort or convenience of other Lessees. No Lessee shall play upon or suffer to be played upon any musical instrument or permit to be operated a phonograph or a radio or television loud speaker in such Lessee's apartment between the hours of 11:00 o'clock p.m. and the following 8:00 o'clock a.m. if the same shall disturb or annoy other occupants of the building. No construction or repair work or other installation involving noise shall be conducted in any apartment except on weekdays (not including legal holidays) and only between the hours of 8:30 a.m. and 5:00 p.m.

(6) No article shall be placed in the halls or on the staircase landings or fire towers, nor shall anything be hung or shaken from the doors, windows, terraces or balconies or placed upon the window sills of the building.

(7) No awnings, window air-conditioning units or ventilators shall be used in or about the building except such as shall have been expressly approved by the Lessor or the managing agent, nor shall anything be projected out of any window of the building without similar approval.

(8) No sign, notice, advertisement or illumination shall be inscribed or exposed on or at any window or other part of the building, except such as shall have been approved in writing by the Lessor or the managing agent.

(9) No velocipedes, bicycles, scooters or similar vehicles shall be allowed in a passenger elevator and baby carriages and the abovementioned vehicles shall not be allowed to stand in the public halls, passageways, areas or courts of the building.

(10) Messengers and tradespeople shall use such means of ingress and egress as shall be designated by the Lessor.

(11) Kitchen supplies, market goods and packages of every kind are to be delivered only at the service entrance of the building and through the service elevator to the apartments when such elevator is in operation.

(12) Trunks and heavy baggage shall be taken in or out of the building through the service entrance.

EXHIBIT "D"

such times and in such manner as the superintendent or the managing agent of the building may direct.

(14) Water closets and other water apparatus in the building shall not be used for any purposes other than those for which they were constructed, nor shall any sweepings, rubbish, rags or any other article be thrown into the water closets. The cost of repairing any damage resulting from misuse of any water closets or other apparatus shall be paid for by the Lessee in whose apartment it shall have been caused.

(15) No Lessee shall send any employee of the Lessor out of the building on any private business of a Lessee.

(16) No bird or animal shall be kept or harbored in the building unless the same in each instance be expressly permitted in writing by the Lessor; such permission shall be revocable by the Lessor. In no event shall dogs be permitted on elevators or in any of the public portions of the building unless carried or on leash. No pigeons or other birds or animals shall be fed from the window sills, terraces, balconies or in the yard, court spaces or other public portions of the building, or on the sidewalk or street adjacent to the building.

(17) No radio or television aerial shall be attached to or hung from the exterior of the building without the prior written approval of the Lessor or the managing agent.

(18) No vehicle belonging to a Lessee or to a member of the family or guest, subtenant or employee of a Lessee shall be parked in such manner as to impede or prevent ready access to any entrance of the building by another vehicle.

(19) The Lessee shall use the available laundry facilities only upon such days and during such hours as may be designated by the Lessor or the managing agent.

(20) The Lessor shall have the right from time to time to curtail or relocate any space devoted to storage or laundry purposes.

(21) Unless expressly authorized by the Board of Directors in each case, the floors of each apartment must be covered with rugs or carpeting or equally effective noise-reducing material, to the extent of at least 80% of the floor area of each room excepting only kitchens, pantries, bathrooms, maid's rooms, closets, and foyer.

(22) No group tour or exhibition of any apartment or its contents shall be conducted, nor shall any auction sale be held in any apartment without the consent of the Lessor or its managing agent.

(23) The Lessee shall keep the windows of the apartment clean. In case of refusal or neglect of the Lessee during 10 days after notice in writing from the Lessor or the managing agent to clean the windows, such cleaning may be done by the Lessor, which shall have the right, by its officers or authorized agents, to enter the apartment for the purpose and to charge the cost of such cleaning to the Lessee.

(24) The passenger and service elevators, unless of automatic type and intended for operation by a passenger, shall be operated only by employees of the Lessor, and there shall be no interference whatever with the same by Lessees or members of their families or their guests, employees or subtenants.

(25) Complaints regarding the service of the building shall be made in writing to the managing agent of the Lessor.

(26) Any consent or approval given under these House Rules by the Lessor shall be revocable at any time.

(27) If there be a garage in the building, the Lessee will abide by all arrangements made by the Lessor with the garage operator with regard to the garage and the driveways thereto.

(28) The following rules shall be observed with respect to incinerator equipment:

(i) All wet debris is to be securely wrapped or bagged in small package size to fit easily into the hopper panel.

(ii) Debris should be completely drip-free before it leaves the apartment and carried to the incinerator closet in a careful manner and in a drip-proof container; then placed into the flue hopper so it will drop into the flue for disposal.

(iii) No bottles or cans shall be dropped down the flue before 10:00 a.m. or after 5:00 p.m., but shall be left in a neat manner in service elevator area, if such items must be disposed of before 10:00 a.m. or after 5:00 p.m.

(iv) Cartons, boxes, crates, sticks of wood or other solid matter shall not be stuffed into hopper opening. Small items of this nature may be left in a neat manner on the incinerator closet floor. Bulky items should be left at service elevator area between 10:00 a.m. and 6:00 p.m. and service employee summoned to dispose of them by way of the service elevator.

(v) Under no circumstances should carpet sweepings containing naphthalene, camphor balls or flakes, floor scrapings, plastic wrappings or covers, oil soaked rags, empty paint or aerosol cans or any other inflammable, explosive, highly combustible substances or lighted cigarettes or cigar stubs be thrown into the incinerator flue.

(vi) Vacuum cleaner bags must never be emptied into the flue. Such dust, dirt, etc. should be wrapped in a securely tied bag or package and then be placed through hopper door panel into flue.

(vii) The superintendent shall be notified of any drippings, or moist refuse, appearing on incinerator closet floor and corridors.

(29) No Lessee shall install any plantings on the terrace, balcony or roof without the prior written approval of the Lessor. Plantings

123

85

shall be contained in boxes of wood lined with metal or other material impervious to dampness and standing on supports at least two inches from the terrace, balcony or roof surface, and if adjoining a wall, at least three inches from such wall. Suitable weep holes shall be provided in the boxes to draw off water. In special locations, such as a corner abutting a parapet wall, plantings may be contained in masonry or hollow tile walls which shall be at least three inches from the parapet and flashing, with the floor of drainage tiles and suitable weep holes at the sides to draw off water. It shall be the responsibility of the Lessee to maintain the containers in good condition, and the drainage tiles and weep holes in operating condition.

(30) The agents of the Lessor, and any contractor or workman authorized by the Lessor, may enter any apartment at any reasonable hour of the day for the purpose of inspecting such apartment to ascertain whether measures are necessary or desirable to control or exterminate any vermin, insects or other pests and for the purpose of taking such measures as may be necessary to control or exterminate any such vermin, insects or other pests. If the Lessor takes measures to control or exterminate carpet beetles, the cost thereof shall be payable by the Lessee, as additional rent.

(31) These House Rules may be added to, amended or repealed at any time by resolution of the Board of Directors of the Lessor.