# EXHIBIT B

# BY-LAWS

320 OWNERS CORP.
320 West End Avenue
New York City, N. Y.

8 7

# TABLE OF CONTENTS

| ARTICLE | SECTION | CAPTION | PAGE |
|---|---|---|---|
| I | | Meeting of Shareholders | 1 |
| | 1 | Annual Meeting | 1 |
| | 2 | Special Meetings | 1 |
| | 3 | Waiver of Mailing of Notice | 2 |
| | 4 | Quorum | 2 |
| | 5 | Voting | 2 |
| | 6 | Inspectors of Election | 3 |
| | 7 | Consent of Shareholders | 3 |
| | 8 | Order of Business | 3 |
| II | | Directors | 4 |
| | 1 | Qualification and Number | 4 |
| | 2 | Election and Term | 4 |
| | 3 | Vacancies | 5 |
| | 4 | Resignation and Removal | 5 |
| | 5 | Meetings | 6 |
| | 6 | Annual Budget | 7 |
| | 7 | Duties and Powers | 7 |
| | 8 | House Rules | 8 |
| | 9 | Executive Committee | 8 |
| | 10 | Admissions Committee | 8 |
| | 11 | Other Committees | 9 |
| | 12 | Contracts and Transactions of the Corporation | 9 |
| | 13 | Compensation | 9 |
| | 14 | Distributions | 10 |

(i)

88

| ARTICLE | SECTION | CAPTION | PAGE |
|---|---|---|---|
| III | | OFFICERS | 10 |
| | 1 | Election and Removal | 10 |
| | 2 | Qualification and Vacancies | 10 |
| | 3 | President and Vice President | 10 |
| | 4 | Secretary | 11 |
| | 5 | Treasurer | 11 |
| | 6 | Salaries | 12 |
| IV | | INDEMNIFICATION OF DIRECTORS AND OFFICERS | 12 |
| | 1(a) | In Actions by or in the Right of Corporation | 12 |
| | 1(b) | In Other Actions or Proceedings | 13 |
| | 1(c) | Payment | 13 |
| | 1(d) | Other Provisions | 14 |
| V | | PROPRIETARY LEASES | 14 |
| | 1 | Form | 14 |
| | 2 | Assignment | 14 |
| | 3 | Accompanying Shares | 14 |
| | 4 | Re-grouping of Space | 15 |
| | 5 | Allocation of Shares to Additional Space | 16 |
| | 6 | Fees on Assignment | 17 |
| | 7 | Lost Proprietary Leases | 17 |
| VI | | CAPITAL SHARES | 17 |
| | 1 | Capital Shares | 17 |
| | 2 | Certificates and Issuance | 18 |
| | 3 | Transfer | 18 |
| | 4 | Units of Issuance | 18 |
| | 5 | Fees on Transfer | 19 |

(ii)

89

| ARTICLE | SECTION | CAPTION | PAGE |
|---|---|---|---|
| | 6 | Corporation's Lien | 19 |
| | 7 | Lost Certificates | 20 |
| | 8 | Legend on Shares Certificate | 20 |
| | 9 | No Preemptive Right | 21 |
| VII | | SEAL | 21 |
| | 1 | Form | 21 |
| VIII | | CHECKS, NOTES, ETC. | 22 |
| | 1 | Signatures on Checks | 22 |
| | 2 | Signatures on Notes and Bonds | 22 |
| | 3 | Safe Deposit Boxes | 22 |
| | 4 | Securities | 22 |
| IX | | SALE, LEASE, DEMOLITION OR DISPOSITION OF PROPERTY | 22 |
| | 1 | Sale, Lease, Demolition or Disposition of Property | 22 |
| X | | AMENDMENTS | 23 |
| | 1 | By the Shareholders | 23 |
| | 2 | By the Directors | 23 |
| | 3 | General | 23 |
| XI | | FISCAL YEAR | 24 |
| | 1 | Fiscal Year | 24 |
| XII | | REPORTS | 24 |
| | 1 | Annual Reports | 24 |
| | 2 | Tax Deduction Statement | 24 |

(iii)

BY-LAWS

OF

320 OWNERS CORP.

ARTICLE I

MEETING OF SHAREHOLDERS

Section 1.  Annual Meeting:  The first annual meeting of the
shareholders of the corporation, for the election of directors and
for such other business as may properly come before such meeting,
shall be held in New York County, State of New York, at such hour
and place as may be designated in the notice of meeting, no later
than thirty days after the closing of title to the property.  Thereafter
each and every annual meeting of the shareholders of the corporation
shall be held in New York County, STate of New York at such hour
and place as may be designated in the notice of meeting, on the
second Tuesday in May of each and every year, unless a legal
holiday, in which event, such meeting shall be held on the
first day thereafter not a legal holiday.  The notice of meeting
shall be in writing and signed by the President or a vice president
or the secretary of an assistant Secretary.  Such notice shall
state the time when and the place at which such meeting is to be held,
and a copy thereof shall be served, either personally or by mail,
upon each shareholder of record entitled to vote at such meeting,
not less than ten nor more than fifty days before the meeting.

Section 2.  Special Meetings.  Special Meetings of shareholders
other than those regulated by statute, may be called at any time by
any officer of the corporation or by a majority of the board of
directors, and it shall also be the duty of the secretary to call
such a meeting whenever requested in writing so to do by shareholders
of record of at lease one-quarter of the outstanding capital stock.
A notice of each special meeting, stating the time, place and
purpose thereof and the officer or other person or persons by
whom the meeting is called, shall be served, either personally
or by mail, on each shareholder of record, not less than ten nor
more than fifty days before the date of the meeting.  No business
other than that stated in the notice shall be transacted at any
special meeting unless the shareholders of record of all outstanding
shares of the corporation are present thereat in person or by proxy.

91

SECTION 3. *Waiver of Mailing of Notice.* The notice provided for in the two foregoing sections is not indispensable, and any shareholders' meeting whatever shall be valid for all purposes if the shareholders of record of all outstanding shares of the corporation are present either in person or by proxy, or if a quorum is present as provided in these by-laws, not-with-standing the fact that notice was not given to shareholders not so present. The attendance of any shareholder at a meeting, in person or by proxy, without protesting prior to the conclusion of the meeting the lack of notice of such meeting, shall constitute a waiver of notice by him. Any notice to be served upon a shareholder by mail shall be directed to the shareholder at his address as it appears on the stock book unless the shareholder shall have filed with the secretary of the corporation, prior to the giving of a notice, a written request that notices intended for him be mailed to such other address, in which case it shall be mailed to the address designated in such request.

SECTION 4. *Quorum.* At all meetings of shareholders in order to constitute a quorum and to permit the transaction of any business except to adjourn a meeting, there shall be present either in person or by proxy the holders of a majority of the shares entitled to vote thereat. A majority of the shareholders present may adjourn a meeting to a subsequent day despite the absence of a quorum.

SECTION 5. *Voting.* Each shareholder of record shall be entitled at each shareholders' meeting to one vote, in person or by proxy, for each share standing in his name on the stock book at the time of the meeting. All proxies shall be in writing but need not be acknowledged or witnessed and shall be filed with the secretary at or previous to the time of the meeting. The person named as proxy need not himself be a shareholder of the corporation. All voting shall be viva voce, except that any qualified voter may demand a ballot vote, in which case the voting shall be by ballot, and each ballot shall state the name of the shareholder voting and the number of shares owned by him, and in addition, the name of the proxy, if such ballot is cast by a proxy. All elections shall be determined by a plurality vote and unless otherwise specified in these by-laws or the Certificate of Incorporation, the affirmative vote of a majority represented at any meet-

ing of shareholders shall be necessary for the transaction of any item of business and shall constitute the act of the shareholders.

SECTION 6. *Inspectors of Election.* At any election of directors where more candidates are nominated than there are positions to be filled, the election shall be conducted by two inspectors of election to be appointed by the president. No director or candidate for director shall be eligible to appointment as inspector. Before entering upon the discharge of their duties, the inspectors appointed to act at any meeting of the shareholders shall be sworn faithfully to execute the duties of inspectors at such meeting with strict impartiality, and according to the best of their ability, and the oath so taken shall be subscribed by them and immediately filed with the secretary of the corporation with a certificate of the result of the vote taken at such meeting. If there are not two inspectors present, ready and willing to act, the required number of temporary inspectors to make up such number shall be appointed by the chairman of the meeting.

SECTION 7. *Consent of Shareholders.* Whenever the shareholders are required or permitted to take any action by vote, such action may be taken without a meeting on written consent, setting forth the action so taken and signed by the holders of all outstanding shares entitled to vote thereon.

SECTION 8. *Order of Business.* At each meeting of shareholders, the president, or in his absence a vice president, shall act as chairman of the meeting. The secretary, or in his absence such person as may be appointed by the chairman, shall act as secretary of the meeting. So far as is consistent with the purposes of the meeting, the order of business shall be as follows:

1. Call to order.

2. Presentation of proofs of due calling of the meeting.

3. Roll call and presentation and examination of proxies.

4. Reading of minutes of previous meeting or meetings.

5. Reports of officers and committees.

6. If the annual meeting, the appointment of inspectors of election, if any.

93

7. If the annual meeting, the election of directors.

8. Unfinished business.

9. New business.

10. Adjournment.

## ARTICLE II

### DIRECTORS

SECTION 1. *Qualification and Number.* At least one director shall be a resident of the State of New York. All directors shall be at least 21 years of age.

The number of directors shall not be less than three and not more than seven. The first board shall consist of **five (5) members. The** number of directors shall be determined by the shareholders from time to time at any annual or any special meeting of shareholders called for that purpose, and the number so determined shall be the number of directors of the corporation until changed by further action of the shareholders, provided, however, that the number of directors shall not be decreased to a number less than the number of directors then in office, except at an annual meeting of shareholders. Reference is made to Section 7 of this Article for the power of the board to fix the number of directors.

SECTION 2. *Election and Term.* The directors constituting the first Board of Directors shall be elected by the incorporator at the organization meeting of the incorporator. Directors, other than those constituting the first Board, shall be elected at the annual meeting of shareholders, or at a special meeting called for that purpose as provided by law, by a plurality of the votes cast at such election. The entire number of directors to be elected shall be balloted for at one and the same time and not separately.

Directors elected by the incorporator shall serve until the election and qualification of directors elected at the first annual meeting of

132

9 4

shareholders. Directors elected at the first
annual meeting of share holders and at meetings subsequent
thereto shall serve until the date herein fixed for
the next annual meeting of shareholders and until
the election and qualifiication of their respective
successors.

Section 3.   Vacancies:  When any vacancy
eixsts or occurs among the directors by death,
resignation or otherwise, the same shall be filled
for the remainder of the term by a majority of
votes cast at a special meeting of the remaining
directors, even though a quorum shall not be present
at such special or regular meeting.  If the number
of the directors is increased, the additional
directors shall be elected by a plurality of the
votes cast at a meeting of shareholders duly called
for the purpose and shall serve for the term above
prescribed.  If all the directors die or resign,
any shareholder may call a special meeting of the
shareholders as provided herein and directors for
the unexpired term may be elected at such special
meeting in the manner provided for their election
at the annual meeting.

Section 4.   Resignation and Removal.  Any
director may resign at any time by written notice
delivered or sent by registered or certified mail,
return receipt requested, to the president or
secretary of the corporation.  Such resignation
shall take effect at the time specified therein, and,
unless specifically requested, acceptance of such
resignation shall not be necessary to make it effective.

Any director may be removed from office at any
time with or without cause and at the pleasure of the
shareholders, upon affirmative vote of the shareholders
of record taken at a shareholders' meeting duly
called for the purpose;

~~Except for directors elected by the holders of unsold~~
~~shares,~~ A director who ceases to be a shareholder or whose
spouse ceases to be a shareholder, as the case may be, shall
be deemed to have resigned as a director.

-95-

Section 5. Meetings. Meetings of the Board of Directors, regular or special, sahll be held at such place within the County of New York in the State of New York as shall be specified in the notice calling the meeting. The first meeting of each newly elected Board of Directors shall be held immediately after the annual meeting of the shareholders and no notice of such meeting shall be necessary to the newly elected directors in order legally to constitute the meeting, provided a quorum shall be present, or it may convene at such place and time as shall be fixed by the consent in writing of all the directors. Regular meetings of the Board of Directors shall be held not less than once every eight weeks and may be held upon such notice, or without notice, and at such time and at such place in the County of New York in the State of New York as shall from time to time be determined by the Board. Special meetings of the Board of Directors may be called by the president on two days' notice to each director, either personally or by telegram and three days by mail; special meetings shall be called by the president or secretary in like manner and on like notice on the written request of a majority of the number of directors fixed by or in accordance with Section 1 of this Article II, except in the case of a special meeting called to fill vacancies in the Board of Directors, in which case a majority of the then acting directors shall suffice. Notice of a meeting need not be given to any director who submits a signed waiver of notice whether before or after the meeting, or who attends the meeting without protesting prior thereto or at its commencement, the lack of notice. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board of Directors need be specified in the notice or waiver of notice of such meeting, ex-cept where otherwise required by law or by these by-laws. A majority of the number of directors fixed by or in accordance with Section 1 of this Article II shall constitute a quorum for the transaction of business unless a greater or lesser number is required by law or by the certificate of incorporation or elsewhere by these by-laws. The act of a majority of the directors present at any meeting at which a quorum is present shall be the act of the Board of Directors, unless the act of a greater number is required by law or by the certificate of incorporation or elsewhere in these by-laws. If a quorum shall not be present at any meeting of directors, the directors present may adjourn the meeting from time to time, without notice other than announcement at the meeting until a

quorum shall be present. At all meetings of the Board of Directors, each director shall be entitled to one vote.

SECTION 6. *Annual Budget.* In furtherance of the definitions and provisions of the proprietary leases entered into or to be entered into by the corporation with its shareholders, the board of directors shall determine the cash requirements as defined therein, for each particular year of the term of such proprietary lease, by resolution or resolutions adopted during the particular year in question or the preceding year, and shall likewise fix the terms and times of payment of the rent due from shareholders who are lessees under such proprietary leases to meet such cash requirements. Immediately after the adoption of any such resolution as above provided, the secretary shall mail or cause to be mailed, or deliver or cause to be delivered, to each shareholder who is such a lessee a statement of the amount of the cash requirements so determined or a copy of the resolution of the board concerning the same. The board of directors shall have discretionary power to prescribe the manner of maintaining and operating the apartment building of the corporation, and any other premises acquired by the corporation by purchase or otherwise, and to determine the aforesaid cash requirements. Every such determination by the board shall be final and conclusive as to all shareholders who are lessees under proprietary leases and any expenditures made by the corporation's officers or agents under the direction or with the approval of the board shall, as against such shareholders, be deemed necessarily and properly made for such purposes. The operating year of the corporation shall be the calendar year.

SECTION 7. *Duties and Powers.* The affairs and business of this corporation shall be managed by its board of directors except with respect to the powers which are herein delegated to the officers. The directors shall at all times act as a board, regularly convened, and they may adopt such rules and regulations for the conduct of their meetings, the execution of their resolutions and the management of the affairs of the corporation as they may deem proper, provided same are not inconsistent with the laws of the State of New York, the certificate of incorporation or these by-laws. Furthermore, the board, from time to time, may fix the number of directors of the corporation, provided, the

1<sup>35</sup>

9 7

number of directors shall not be less than three (3), nor more than seven (7) or such higher number as the shareholder shall have determined pursuant to Article II, Section 1. The power of the Board to determine the number of directors as herein provided is subordinate to the power of the shareholders to make such determination under said Article II, Section 1, so that if the board after having fixed a new number of directors shall be overruled by the shareholders, the determination of the shareholders shall govern. The number of Directors may not be decreased during the term of any Directors.

Section 8. House Rules. The board of directors shall have power to make and change reasonable rules applicable to the partment building owned or leased by the corporation whenever the board deems it advisable so to do. All house rules shall be binding upon all tenants and occupants of the apartment building. Copies of changes in house rules shall be furnished to each shareholder and shall be binding upon the delivery thereof in the manner provided in the proprietary lease.

Section 9. Executive Committee. The board of directors may by resolution appoint an executive committee to consist of three or more directors of the corporation. Such committee shall have and may exercise all of the powers of the board in the management of the business affairs of the corporation during the intervals between the meetings of the board, so far as may be permitted by law, except that the executive committee shall not have power to determine the cash requirements defined in the proprietary leases, or to fix the rent to be paid under the proprietary leases, or to vary the terms of payment thereof as fixed by the board. Vacancies in membership on the Executive Committee shall be filled by the board of directors at a regular or special meeting.

Section 10. Admissions Committee. In furtherance of the cooperative purposes of the corporation and to assure, so far as possible, that the occupants of all apartments therein shall be congenial and that all proprietary lessees shall be reputable and financially responsible, the board may by resolution create an Admissions Committee of two or more persons to interview and consider the qualifications of proposed assign-es and subtenants. Once such committee has been created, no consent to transfer of stock or assignment of lease or subletting of apartments shall thereafter be given by any member of the board of directors until the Admissions Committee shall have approved same, or until there shall have been a meeting of the board of directors to act on an

unfavorable report of the Admissions Committee or any member thereof. The board of directors shall, with the approval of the shareholders, adopt procedures and guidelines respecting all sales and sublets. In no event shall such procedures and guidelines affect unreasonably the Sponsor's right to sell unsold apartments.

Section 11.  Other Committees.  The board of directors shall also have the power to appoint such other committees, in accordance with Section 712 of the Business Corporation Law as it deems appropriate.

Section 12.  Contracts and Transactions of the Corporation.  No contract or other transaction between the corporation and any one or more of its directors or any other corporation, firm, association or other entity in which one or more of its directors are directors or officers, or are financially interested, shall be void or voidable for this reason alone or by reason alone that such director or directors are present at the meeting of the board, or of a Committee thereof, which approves such contract or transaction, or that he or their votes are counted for such purpose, provided that the provisions of Section 713 of the Business Corporation Law are complied with.

Section 13.  Compensation.  No director, by virtue of his office as such, nor for any other reason, at any time, shall receive any salary or compensation for his services as such director, or otherwise, unless and until the same shall have been duly authorized in writing, or by affirmative vote taken at a duly held stockholders' meeting, by the record holders of at least two-thirds (2/3) of the then outstanding shares of the stock of the corporation.

SECTION 14. *Distributions.* No tenant-shareholder shall be entitled, either conditionally or unconditionally, except upon a complete or partial liquidation of the corporation, to receive any distribution not out of earnings and profits of the corporation.

## ARTICLE III

### OFFICERS

SECTION 1. *Election and Removal.* The board of directors at its first meeting after these by-laws become effective, and at each annual meeting, shall elect by a majority vote, a president and one or more vice-presidents, a secretary and a treasurer, and may also at any time appoint or elect one or more assistant secretaries or assistant treasurers and accord to such assistant officers such powers as the board deems proper. Any person otherwise qualified may hold any two offices, except the offices of president and secretary. Each of the officers shall serve until the next annual meeting of the board and until the election or appointment of his respective successor; but any officer may be removed from office at any time, and a successor chosen, at the pleasure of the board, upon affirmative vote, taken at any meeting, by a majority of the then total authorized number of directors.

SECTION 2. *Qualification and Vacancies.* The president shall be a member of the board, but none of the other officers need be a member of the board.

Vacancies occurring in any office may be filled by the board at any time, upon affirmative vote taken at any meeting, by a majority of the then total authorized number of directors. An officer who ceases to be a shareholder or whose spouse ceases to be a shareholder, as the case may be, shall be deemed to have resigned as an officer.

SECTION 3. *President and Vice President.* The president shall preside at meetings of shareholders and of the board of directors. He shall, subject to the control of the board, have general management of the affairs of the corporation and shall perform all the duties incidental to his office or prescribed for him by these by-laws or by the board, and shall make and sign in the name of the corporation all contracts, leases and other instruments which are authorized from time to time

by the board. In the absence or inability of the president, the vice president shall have the powers and perform the duties of the president. The vice president shall at all times have power to make and sign proprietary leases in the name of the corporation.

SECTION 4. *Secretary.* The secretary shall keep and record in proper books provided for the purpose, the minutes of meetings of the board of directors and of the shareholders. He shall record all transfers of shares and cancel and preserve certificates of shares transferred, and he shall keep such other records as the board shall require. He shall attend to the giving and serving of notices of the corporation, he shall have custody of the corporate seal and affix the same to certificates of shares and to written instruments required by law, by these by-laws or by the board. He shall keep a book, to be known as the stock book, containing the names, alphabetically arranged, of all persons who are shareholders of the corporation, showing their places of residence, the number of shares of stock held by them respectively, the time when they respectively became the owners thereof, the amount paid thereon, and the denomination and amount of all stock transfer stamps affixed thereto, and such books shall be open daily during at least three business hours, for inspection by any judgment creditor of the corporation, or by any person who shall have been a shareholder of record for at least six months immediately preceding his demand, or by any person holding, or thereunto in writing authorized by the holders of, at least five per cent of all the outstanding shares. Persons so entitled to inspect the stock book may make extracts therefrom. In the absence or inability of the secretary, the assistant secretary shall have all of the powers and perform all of the duties of the secretary.

SECTION 5. *Treasurer.* The treasurer shall, subject to the control of the board, have the care and custody of, and be responsible for, all funds and securities of the corporation and shall keep the same in its name in such banks, trust companies or safe deposit companies as the board shall designate, and shall perform all other duties incidental to his office, or prescribed for him by these by-laws or by the board. If so required by the board, he shall, before receiving any such funds or securities, furnish to the corporation a bond with a surety company as surety, in such form and amount as the board from time to time shall determine. The premium upon such bond shall be paid by the corpora-

139

tion. Within a reasonable time after the close of each year ending December 31st but in no event later than April 1st of the year following said December 31st, the treasurer shall furnish to each shareholder who is a lessee under a proprietary lease then in force a statement of the income, expenses and paid-in surplus of the corporation during such year. In addition, no later than March 15th of the year following the close of each year ending December 31st, the treasurer shall send to each shareholder who is a lessee under a proprietary lease in force during said prior year a statement on which there shall be indicated the portions of the rent paid by such shareholder under his proprietary lease during such year which have been used by the corporation for the payment of taxes on real estate and interest on its mortgage or other indebtedness and such other information as may be necessary to permit him to compute his income tax liability or income tax benefits that may accrue to him in respect thereof. In the absence or inability of the treasurer, the assistant treasurer shall have all of the powers and perform all of the duties of the treasurer.

SECTION 6. *Salaries.* No salary or other compensation for service shall be paid to any office of the corporation for services rendered as such officer unless and until the same shall have been authorized in writing, or by affirmative vote taken at a meeting of shareholders called for that purpose, by the shareholders of record of at least two-thirds of the then outstanding capital stock.

## ARTICLE IV

### INDEMNIFICATION OF DIRECTORS AND OFFICERS

SECTION 1. (a) *In Actions by or in the Right of Corporation.* Any person made a party to an action by or in the right of the corporation to procure a judgment in its favor by reason of the fact that he, his testator or intestate, is or was a director or officer of the corporation, shall be indemnified by this corporation against the reasonable expenses, including attorneys' fee, actually and necessarily incurred by him, in connection with the defense of such action, or in connection with an appeal therein, except in relation to matters as to which such director or officer is adjudged to have breached his duty to the corporation under Section 717 of the Business Corporation Law and except

140

102

with respect to those amounts and expenses referred to in Paragraph (b) of Section 722 of the Business Corporation Law.

(b) *In Other Actions or Proceedings.* Any person made, a party to an action or proceeding other than one by or in the right of the corporation to procure a judgment in its favor, whether civil or criminal, brought to impose a liability or penalty on such person for an act alleged to have been committed by such person, his testator or intestate, as a director or officer of the corporation, or of any other corporation which he served as such at the request of the corporation, shall be indemnified by this corporation against judgments, fines, amounts paid in settlement and reasonable expenses, including attorneys' fees, actually and necessarily incurred as a result of such action or proceeding, or any appeal therein, if such director or officer acted in good faith, for a purpose which he reasonably believed to be in the best interest of the corporation and; in criminal actions or proceedings, in addition, had no reasonable cause to believe that his conduct was unlawful.

The termination of any such civil or criminal action or proceeding by judgment, settlement, conviction or upon a plea of nolo contendere, or its equivalent, shall not in itself create a presumption that any such director or officer did not act in good faith for a purpose which he reasonably believed to be in the best interests of the corporation or that he had reasonable cause to believe that his conduct was unlawful.

(c) *Payment.* A person who has been wholly successful, on the merits or otherwise, in the defense of a civil or criminal action or proceeding of the character described in Sections 722 or 723 of the Business Corporation Law shall be entitled to indemnification as authorized in said Sections.

Except as provided in Paragraph (a) of Section 724 of the Business Corporation Law, any indemnification under Section 722 or 723 of that law, unless ordered by a court under Section 725 thereof, shall be made by the corporation only if authorized in the specific case in accordance with the provisions of Paragraph (a) of said Section 724.

Expenses incurred in defending a civil or criminal action or proceeding may be paid by the corporation in advance of the final disposition of such action or proceeding if authorized under Paragraph (b) of said Section 724.

141

103

(d) *Other Provisions.* Indemnification of directors or officers shall be subject to the other provisions affecting the same as set forth in Section 726 of the Business Corporation Law.

# ARTICLE V

## PROPRIETARY LEASES

Section 1. *Form.* The board of directors shall adopt a form of proprietary lease to be issued by the corporation for the leasing of all apartments, professional offices, extra servants' rooms and other space in the apartment building, if any, to be leased to shareholders under proprietary leases. Such proprietary leases shall be for such terms, with or without provisions for renewals, and shall contain such restrictions, limitations and provisions in respect to the assignment thereof, the subletting of the premises demised thereby, and the sale or transfer of the shares of stock of the corporation accompanying the same, and such other terms, provisions, conditions and covenants, as the board deems advisable. After a proprietary lease in the form so adopted by the board has been executed and delivered by the corporation, all proprietary leases subsequently executed and delivered shall be in the same form (except with respect to commencement of the lease term and the statement as to the number of shares owned by the lessee), and shall not be changed in form or substance unless varied in accordance with the terms thereof.

Section 2. *Assignment.* Proprietary leases shall be assigned or transferred only in compliance with, and shall never be assigned or transferred in violation of, the terms, conditions or provisions, of such proprietary lease. A duplicate original of each proprietary lease shall always be kept on file in the office of the corporation or with the managing agent of the apartment building.

Section 3. *Accompanying Shares.* The board of directors shall allocate to each apartment to be leased under a proprietary lease the number of shares of the corporation which must be owned by the proprietary lessee thereof. The board shall adopt the allocation of shares set forth in the Offering Plan pursuant to which the corporation was organized. The allocation or any re-allocation of shares to an apartment shall bear a reasonable relationship to the portion of the

142

*104*

fair market value of the corporation's equity in the building and the land on which it stands which is attributable to the apartment. In the event of any dispute between the board of directors and a shareholder as to whether such "reasonable relationship" test has been met on a proposed reallocation of shares, such dispute shall be resolved by the then managing agent of the building, whose determination shall be final and conclusive.

SECTION 4. *Re-grouping of Space.* The board of directors, upon the written request of the owner or owners of one or more proprietary leases covering one or more apartments in the apartment building and of the shares issued to accompany the same, may in its discretion at any time, permit such owner or owners, at his or their own expense: A: (1) to subdivide any apartment into two or more apartments; (2) to combine all or any portions of any such apartments into one or any desired number of apartments; and (3) to reallocate the shares issued to accompany the proprietary lease or leases so affected in such proportions as the said owners request, provided only that (a) the allotment of shares is based upon the fair market value of the equity in the property (including the building) attributable to the subdivided or combined apartments, and (b) in any case, the total number of the shares so reallocated remains the same, and (c) the proprietary lease or leases so affected and the accompanying certificate(s) of shares are surrendered, and that there are executed and delivered in place thereof, respectively, a new proprietary lease for each such separate apartment, extra servant's room or suite of extra servant's rooms so created and a new certificate of shares for the number of shares so reallocated to each such new proprietary lease; or B: to incorporate one or more servant's rooms, or other space in the building, not covered by any proprietary lease, into one or more apartments covered by a proprietary lease, whether in connection with any regrouping of space pursuant to subparagraph A of this Section 4 or otherwise, and in allocating shares to any such resulting apartment or apartments, the board shall determine the number of shares from its treasury shares to be issued and allocated in connection with the incorporation of such additional space (such allocation to be based on the fair market value of the equity in the property (including the building) attributable to such resulting apartment or apartments), provided such incorporation shall be conditioned upon the surrender by the owner making such re-

quest of his proprietary lease and share certificate and provided further such owners shall execute a new proprietary lease covering such resulting apartment or apartments. A new certificate of shares for the number of shares so allocated to the new proprietary lease will be issued to the owner surrendering said share certificate.

Any dispute under this Section 4 concerning the number of shares to be reallocated, shall be resolved by the ~~then managing agent~~ of the building, whose determination shall be final and conclusive.

Section 5. *Allocation of Shares to Additional Space.* The Board of Directors may, in its discretion, authorize the conversion of space in the building not covered by a proprietary lease into space suitable for the primary purposes of the corporation, as set forth in the certificate of incorporation, allocate theretofore unissued shares to such space, and authorize the execution of a proprietary lease or leases covering such space.

- 106 -

Section 6. *Fees on Assignment.* Subject to
the provisions of the form of proprietary adopted
by the board of directors (and the rights of holders
of Unsold Shares as herein and in the proprietary
lease set forth), the board of directors shall have
authority to fix by resolution and to collect, before
any assignment of a proprietary lease or any re-
allocation of shares takes effect as against the
corporation as lessor, reasonable fees to cover the
corporation's expenses and attorneys' fees in connection
with such proposed assignment, or reallocation,
or both, as the case may be. However, no such fees
may be charged to the purchasers of Unsold Shares
in excess of $150 per apartment in connection with
the sale or transfer of such Unsold Shares and
appurtenant proprietary leases or a realloca-
tion of shares.

Section 7. *Lost Proprietary Leases.* In the
event that any proprietary lease in full force and
effect is lost, stolen, destroyed or mutilated,
the board of directors may authorize the issuance
of a new proprietary lease in lieu thereof, in the same
form and with the same terms, provisions, conditions
and limitations. The board may, in its discretion,
before the issuance of such new proprietary lease,
require the owner of the lost, stolen, destroyed or
mutilated proprietary lease, or the legal representative
of the owner, (i) to pay to the corporation a reasonable
fee for the time and expense incurred in preparing the same;
(ii) to make an affidavit or affirmation setting forth
such facts as to the loss, theft, destruction or
mutilation as it deems necessary and (iii) to give
the corporation a bond in such sum as it directs,
not exceeding double the value of the shares accompanying
such proprietary lease, to indemnify the corporation.

ARTICLE VI

Capital Shares

Section 1. Shaes of stock of the corporation
shall be issued only in connection with the execution
and delivery by the purchaser and the corporation of a
proprietary lease of an apartment in the building owned
by the corporation, and the ownership of the said shares
so issued shall entitle the holder thereof to occupy
for dwelling purposes the apartment specified in the
proprietary lease so executed and delivered in connection
with the issuance of said shares, subject to the covenants
and agreements contained in such proprietary lease. Shares of
stock of the corporation hereafter acquired and subsequently re-

issued, and unissued but authorized shares of the corporation here-after issued, shall only be so reissued or issued, as the case may be, in conjunction with the execution of a proprietary lease of an apartment in the building.

SECTION 2. *Certificates and Issuance.* Certificates of the shares of the corporation shall be in the form prepared by the board of directors, and shall be signed by the president or a vice-president and the secretary or an assistant secretary or the treasurer or an assistant treasurer, and sealed with the seal of the corporation, and shall be numbered in the order in which issued. Certificates shall be bound in a book and issued in consecutive order therefrom, and in the margin or stub thereof shall be entered the name of the person holding the shares therein represented, the number of shares and the date of issue. Each certificate exchanged or returned to the corporation shall be cancelled, and the date of cancellation shall be indicated thereon, by the secretary and such certificate shall be immediately pasted in the certificate book opposite the memorandum of its issue.

SECTION 3. *Transfer.* Transfers of shares shall be made only upon the books of the corporation by the holder in person or by power of attorney, duly executed and witnessed (or with such signature guaranty as the board may request) and filed with the secretary, and on the surrender of the certificate of such shares, except that shares sold by the corporation to satisfy any lien which it holds thereon, or shares required to be (but which are not) surrendered under the proprietary lease, may be transferred without the surrender of such certificate. No transfer of shares shall be valid as against the corporation, its shareholders and creditors, for any purpose, except to render the transferee liable for the debts of the corporation to the extent provided for in the Business Corporation Law, until it shall have been entered in the stock book as required by the Business Corporation Law or any other applicable law by an entry from whom and to whom transferred. No such transfer shall be valid or effected until all the requirements with respect thereto set forth in the proprietary shall have been satisfied and complied with.

SECTION 4. *Units of Issuance.* Shares issued to accompany each proprietary lease shall be issued in the amount allocated by the board

146

of directors to the apartment or other space described in such proprietary lease. Unless and until all proprietary leases which shall have been executed by the corporation shall have been terminated, the shares of stock which accompany each proprietary lease shall be represented by a single certificate and shall not be sold or transferred except to the corporation or as an entirety to a person who has acquired such proprietary lease, or a new one in place thereof, after complying with and satisfying the requirements of such proprietary lease in respect to the assignment thereof.

SECTION 5. *Fees on Transfer.* Subject to the provisions of Section 6 of Article V hereof and subject further to the provisions of the proprietary lease, the board of directors shall have authority to fix by resolution and to collect, before the transfer of any shares, reasonable fees to cover the corporation's expenses and attorneys' fees in connection with such proposed transfer.

SECTION 6. *Corporation's Lien.* The corporation shall at all times have a first lien upon the shares of each shareholder to secure the payment by such shareholder of all rent to become payable by such shareholder under the provisions of any proprietary lease issued by the corporation and at any time held by such shareholder and for all other indebtedness from such shareholder to the corporation and to secure the performance by the shareholder of all the covenants and conditions of said proprietary lease to be performed or complied with by the shareholder. Unless and until such shareholder as lessee makes default in the payment of any of such rent or other indebtedness or in the performance of any of such covenants or conditions, said shares shall continue to stand in the name of the shareholder upon the books of the corporation and the shareholder shall be entitled to exercise the right to vote thereon as though said lien did not exist. The board may refuse to consent to the transfer of such shares until any indebtedness of the shareholder to the corporation is paid. The corporation shall have the right to issue to any purchaser of such shares upon the enforcement by the corporation of such lien, or to the nominee of such purchaser, a certificate for the shares so purchased substantially of the tenor of the certificate issued to such defaulting shareholder, and thereupon the certificate for such shares issued to such defaulting shareholder shall become void and such defaulting

147

109

The failure of such defaulting shareholder to so surrender such certificate shall not affect the validity of the certificate issued in replacement thereof.

SECTION 7. *Lost Certificates.* In the event that any certificate of shares is lost, stolen, destroyed or mutilated, the board of directors may authorize the issuance of a new certificate of the same tenor and for the same number of shares in lieu thereof. The board may in its discretion, before the issuance of such new certificate, require the owner of the lost, stolen, destroyed or mutilated certificate, or the legal representative of the owner, to make an affidavit or affirmation setting forth such facts as to the loss, theft, destruction or mutilation as it deems necessary, and to give the corporation a bond in such reasonable sum as it directs, not exceeding double the appraised value of the shares, to indemnify the corporation.

SECTION 8. *Legend on Shares Certificate.* Certificates representing shares of the corporation shall bear a legend reading as follows:

"The rights of any holder of the shares evidenced by this certificate are subject to the provisions of the Certificate of Incorporation and the by-laws of the Corporation and to all the terms, covenants, conditions and provisions of a certain proprietary lease made between the Corporation, as Lessor, and the person in whose name this certificate is issued, as Lessee, for an apartment in the apartment house which is owned by the Corporation and operated as a 'co-operative', which proprietary lease limits and restricts the title and rights of any transferee of this certificate.

The shares represented by this certificate are transferable only as an entirety and only to an assignee of such proprietary lease approved in writing in accordance with the provisions of the proprietary lease. The directors of this Corporation may refuse to consent to the transfer of the shares represented by this certificate until any indebtedness of the shareholder to the Corporation is paid.

Copies of the Certificate of Incorporation, proprietary lease and by-laws are on file and available for inspection at the office of the managing agent of the building.

Pursuant to the Certificate of Incorporation, certain actions of the Board of Directors and of the shareholders require a greater quorum and/or a greater vote than would otherwise be required by law.

Pursuant to Article VI Section 6 of the by-laws, the Corporation shall at all times have a first lien upon the shares of each shareholder to secure the payment by such shareholder of all rent to become payable by such shareholder under the provisions of any proprietary lease issued by the Corporation and at any time held by such shareholder and for all other indebtedness from such shareholder to the corporation and to secure the performance by the shareholder of all the covenants and conditions of said proprietary lease to be performed or complied with by the shareholder. The Corporation shall have the right to issue to any purchaser of such shares upon the enforcement by the Corporation of such lien, or to the nominee of such purchaser, a certificate for the shares so purchased substantially of the tenor of the certificate issued to such defaulting shareholder, and thereupon the certificate for such shares issued to such defaulting shareholder shall become void and such defaulting shareholder shall surrender the same to the Corporation on demand. The failure of such defaulting shareholder to so surrender such certificate shall not affect the validity of the certificate issued in replacement thereof."

SECTION 9. *No Preemptive Right.* Ownership of shares of the corporation shall not entitle the holders thereof to any preemptive right under Section 622 of the Business Corporation Law, or otherwise, it being the purpose and intent hereof that the board of directors, as in its discretion it may deem advisable, shall have the full right, power and authority to offer for subscription or sale, or to make any other disposition of any or all unissued shares of the corporation, or of any or all shares issued and thereafter acquired by the corporation.

## ARTICLE VII

### SEAL

SECTION 1. *Form.* The seal of the corporation shall be in the form of a circle and shall bear the name of the corporation, the year of its incorporation and the words "Corporate Seal, N. Y."

*111*

# ARTICLE VIII

## CHECKS, NOTES, ETC.

**SECTION 1.** *Signatures on Checks.* All checks, drafts, orders for payment of money and negotiable instruments shall be signed by such officer or officers, or employee or employees as shall be designated from time to time by the board of directors by resolution or special order, for that purpose.

**SECTION 2.** *Signatures on Notes and Bonds.* Promissory notes and bonds of the corporation shall be signed by any two officers who, from time to time, shall be designated by the board of directors for that purpose.

**SECTION 3.** *Safe Deposit Boxes.* Any officer or officers who, from time to time, shall be designated by the board of directors for that purpose shall have access to any safe deposit box of the corporation in the vault of any safe deposit company.

**SECTION 4.** *Securities.* Any officer or officers who, from time to time, shall be designated by the board of directors for that purpose shall have the power to control and direct the disposition of any bonds or other securities or property of the corporation deposited in the custody of any bank, trust company or other custodian.

# ARTICLE IX

## SALE, LEASE, DEMOLITION OR DISPOSITION OF PROPERTY

**SECTION 1.** No decision to demolish or reconstruct any building standing on the land owned or leased by the corporation, or to sell or exchange the corporation's fee simple interest therein, or to lease any such building in its entirety or substantially in its entirety, shall be made except upon the affirmative vote of the holders of 80% of the shares of the corporation then issued and outstanding. Notwithstanding the foregoing, the sale, exchange, lease or other disposition of the property owned by the corporation after the termination of all the proprietary leases which are made by the corporation shall be determined by the affirmative vote of the holders of a majority of the shares of the corporation then issued and outstanding.

150

# ARTICLE X

## AMENDMENTS

SECTION 1. *By the Shareholders.* These by-laws may be amended, altered, repealed or added to at any shareholders' meeting by vote of shareholders of record, present in person or by proxy, of at least two-thirds of the then outstanding capital shares, provided that the proposed amendment or the substance thereof has been inserted in the notice of meeting.

SECTION 2. *By the Directors.* The board of directors may, by a vote of two-thirds (⅔) of the then authorized total number of directors at any meeting (regular or special) of the board, make, alter, amend, or repeal these by-laws, other than Article I Section 5, Article II Sections 6, 13 and 14, Article III Section 6, Article V Sections 1 and 4, and Article VI Sections 1 and 4; provided, however, that the proposed amendment or the substance thereof shall have been contained in the notice of said meeting or that all directors shall be present in person and, provided further, that the board may not repeal or modify an amendment to these by-laws adopted by the shareholders pursuant to Section 1 of this Article X.

SECTION 3. *General.* Anything herein contained to the contrary notwithstanding, these by-laws and any provision hereof may not be altered, amended or repealed in such a manner as would adversely affect the rights or interests of the Sponsor under said Offering Plan (or its successors and assigns) in any shares and accompanying proprietary leases that may have been pledged with the Sponsor in connection with financing the purchase of apartments in the building.

ARTICLE XI

FISCAL YEAR

1. *Fiscal Year*. The fiscal year of the corporation shall be the calendar year unless otherwise determined by resolution of the board of directors.

## ARTICLE XII

### REPORTS

1. *Annual Reports*. The corporation shall, on or before April 1st, following close of a fiscal year, send to each shareholder then listed on the books of the corporation, a financial statement including a balance sheet (as of the end of said prior fiscal year) and a profit and loss statement (for the entire prior fiscal year), prepared and certified by an independent certified public accountant. On the written request of any former shareholder who owned shares of the corporation during any portion of the fiscal year covered by the financial statement, such financial statement shall be sent to such former shareholder.

2. *Tax Deduction Statement*. The corporation shall, on or before March 15th following the close of a fiscal year, send to each shareholder listed on the books of the corporation for the prior fiscal year, a statement setting forth the amount per share of that portion of the rent paid by such shareholder under his proprietary lease during such year which has been used by the corporation for payment of real estate taxes and interest on mortgage or other indebtedness paid by the corporation with respect to property owned by it.

114