UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FRANCIS J. HARVEY, JR. and
JEAN P. WILHELM,

                                                                    07-Civ-6763 (LAP)

                Plaintiffs,

   -against-

320 OWNERS CORP. and CHARLES LOWERY,
in his capacity as President of 320 Owners Corp.,

                Defendants
-------------------------------------------------------------x

## NOTICE OF CONSTITUTIONAL QUESTION

**PLEASE TAKE NOTICE,** pursuant to 28 U.S.C. § 2404, Fed R. Civ. P. § 5.1 and 24 and the Local Rules for the Southern and Eastern Districts of New York § 24.1, Plaintiffs have in this matter raised the following questions under the 14th Amendment to the Constitution of the United States concerning the application of a New York State Statue as follows:

1. Is the application of RPAPL 711(1) to a shareholder-tenant of co-operative apartment by the New York Court of Appeals in <u>40 W. 67th Street v. Pullman,</u> 100 N.Y.2d 147 (2003), a violation of the tenant's right to equal protection of law because in cases involving termination of tenancies based on allegations of objectionable conduct it denies the cooperative tenant the right to a full hearing in a court of law at which the cooperative corporation must prove its allegations by competent evidence in order to obtain a warrant of eviction while requiring just such a hearing in cases involving conventional tenants in non-cooperative apartments.

2. Is the application of RPAPL 711(1) to a shareholder-tenant of co-operative

apartment by the New York Court of Appeals in <u>40 W. 67th Street v. Pullman,</u> 100 N.Y.2d 147 (2003), a violation of the cooperative tenant's right to due process of law because the cooperative corporation may obtain a warrant of eviction or judgment of ejection without being required to present to any judicial officer competent evidence to support its allegations of objectionable conduct, the tenant is not given an opportunity in any court to cross-examine the cooperative corporation's witnesses or otherwise challenge its evidence and the tenant may not present evidence to any court or to be otherwise heard in his/her own defense.

Said questions are raised in Plaintiff's Complaint and application for an Order to Show Cause filed in this matter and attached hereto as Exhibits "A" and "B."

Dated: Brooklyn, New York
November 20, 2007

_____
STEPHEN A. SOMERSTEIN
Attorney for Plaintiffs
Francis J. Harvey, Jr. and Jean Wilhelm
292 Garfield Place
Brooklyn, NY 11215
(718)369-2273